THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ROBINSON, Appellant. [850 NYS2d 533]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered January 31, 2005, convicting him of rape in the first degree, assault in the second degree, assault in the third degree, and bail jumping in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On September 10, 2003 the prosecutor requested a two-week adjournment, without specifying the reason for it. In May 2004 the defendant moved pursuant to CPL 30.30 to dismiss the indictment on speedy trial grounds, arguing, inter alia, that the People were chargeable with the two-week period from September 10, 2003 through September 24, 2003. In opposition, the People argued, in relevant part, that the subject adjournment was requested because certain DNA tests, being performed pursuant to a court order, had not yet been completed. By order dated June 21, 2004, the court denied the motion to dismiss, finding, inter alia, that "delays occasioned by the necessity of obtaining the results of DNA testing constitute an exceptional circumstance so that the time should not be charge [d] to the People."

On appeal, the defendant contends that the court erred in considering the reason proffered by the People for the adjournment. He argues that the People were obligated to specify the basis for any statutory exclusion (*see* CPL 30.30 [4]) at the time the adjournment was requested, and not, as here, for the first time in papers submitted in opposition to a motion to dismiss. This claim, which was never brought to the attention of the trial court, is unpreserved for appellate review (*see People v Luperon*, 85 NY2d 71, 78 [1995]) and, in any event, is without merit.

Where, as here, the reason for an adjournment as stated in the People's response to a speedy trial motion is corroborated by the record, it may be considered even though it was not articulated by the prosecutor when the adjournment was requested (*see People v Chu Zhu*, 245 AD2d 296 [1997]; *cf. People v Waldron*, 6 NY3d 463, 468 [2006]). Moreover, the court correctly determined that a period of time necessary to obtain the results of DNA testing in a rape case is excludable under the speedy trial statute as a "delay occasioned by exceptional circumstances" pursuant to CPL 30.30 (4) (g) (*see People v Williams*, 244 AD2d 587 [1997]).

The defendant's contention that improper remarks made by the prosecutor during summation deprived him of a fair trial is unpreserved for appellate review (*see People v Tonge*, 93 NY2d 838, 839-840 [1999]; *People v Dien*, 77 NY2d 885 [1991]). In any event, the challenged remarks did not deprive the defendant of a fair trial (*see People v Hopkins*, 58 NY2d 1079, 1083 [1983]; *People v Galloway*, 54 NY2d 396 [1981]; *People v Barber*, 13 AD3d 898, 900 [2004]; *People v Martin*, 149 AD2d 534 [1989]).

The defendant was provided with meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Mastro, J.P., Fisher, Carni and McCarthy, JJ., concur.