■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AHMAD ABDUL RAHIM, Appellant. [937 NYS2d 325]—

The Supreme Court erred in denying the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he had been deprived of his statutory right to a speedy trial. Pursuant to CPL 30.30 (1) (a), the People were required to be ready for trial within six months of the commencement of this criminal action, in which a felony was charged (*see People v Goss*, 87 NY2d 792, 796 [1996]; *People v Smith*, 88 AD3d 749 [2011], *lv denied* 17 NY3d 955 [2011]). In this case, the six-month period consisted of 181 days. The People conceded that 90 days of delay were chargeable to them. At issue on this appeal are three periods of postreadiness delay.

On December 10, 2007, after declaring their readiness for trial, the People requested an adjournment because the case had been reassigned to a new prosecutor, who needed time to become familiar with the case. The request was granted, and the proceeding was adjourned until January 2, 2008. On December 21, 2007, the People made a motion, returnable on January 2, 2008, to take an oral swab from the defendant for a DNA test. Contrary to the People's contention, the 12 days from December 21, 2007, through January 2, 2008, were not excludable under CPL 30.30 (4) (a), as a reasonable period of delay resulting from a pretrial motion. The 23-day adjournment from December 10, 2007, to January 2, 2008, was granted so that the new prosecutor could become familiar with the case, which adjournment, when granted, was chargeable to the People. The subsequent filing of a motion did not serve to convert any portion of this chargeable 23-day period to an excludable period. Although the defendant failed to preserve this contention for appellate review, we reach it in the interest of justice.

The second disputed time period occurred between January 2, 2008, when the People's motion for a DNA test was granted, and March 19, 2008, when they announced the results of the DNA test. Contrary to the People's contention, because they failed to demonstrate that they exercised due diligence in obtaining the DNA evidence, this 77-day period was not excludable on the ground that their need to obtain the DNA test results constituted excusable, exceptional circumstances (*cf. People v Robinson*, 47 AD3d 847, 848 [2008]; *People v Williams*, 244 AD2d 587

[1997]). Although the People were not required to move for DNA testing during the time that the defendant's competency to understand the proceedings against him or to assist in his own defense was unsettled, the defendant was found competent on September 6, 2007, and the People did not move for DNA testing until December 21, 2007. The People's failure to move for DNA testing for 3½ months demonstrated that they did not exercise due diligence in obtaining this evidence (*cf. People v Burwell*, 260 AD2d 498 [1999]). Accordingly, the 77-day delay was properly chargeable to the People (*id.*; *see generally People v Washington*, 43 NY2d 772, 774 [1977]).

The final period of postreadiness delay occurred between March 19, 2008, and April 14, 2008, the date on which a pretrial suppression hearing was scheduled. The People argued that this time period was excludable as a reasonable delay to allow them, after the granting of the defendant's omnibus motion and failed plea negotiations, to prepare for the hearing and trial. However, the defendant's omnibus motion was granted four months before the adjournment that was granted on March 19, 2008 (*cf. People v Reed*, 19 AD3d 312, 314-315 [2005]), and the People failed to demonstrate on the record that the parties were actually engaged in earnest plea negotiations (*cf. People v Bahadur*, 41 AD3d 239, 240 [2007]; *see generally People v Robbins*, 223 AD2d 735 [1996]). Accordingly, the People failed to meet their burden of demonstrating that this 26-day period of delay was excludable (*see generally People v Berkowitz*, 50 NY2d 333, 349 [1980] ["once the defendant has shown the existence of a delay greater than six months, the burden of proving that certain periods within that time should be excluded falls upon the People"]).

Adding these three periods of chargeable postreadiness delay to the 90 days of delay conceded by the People, the People exceeded the 181 days in which they were required to be ready for trial. Accordingly, the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he had been deprived of his statutory right to a speedy trial should have been granted (*see People v Chavis*, 91 NY2d 500 [1998]; *People v Devore*, 65 AD3d 695, 696 [2009]). Skelos, J.P., Dickerson, Austin and Miller, JJ., concur.