■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FULTON TITUS, Appellant. [945 NYS2d 323]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered May 21, 2010, convicting him of assault in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial (Foley, J.) of the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On August 8, 2007, the People commenced this action with the filing of a criminal complaint against the defendant. Pursuant to CPL 30.30 (1) (a), the People were required to be ready for trial within six months of the commencement of this criminal action, in which a felony was charged (*see People v Goss*, 87 NY2d 792, 796 [1996]; *People v Rahim*, 91 AD3d 970, 971 [2012]). In this case, the six-month period consisted of 183 days. On February 11, 2009, the defendant moved to dismiss the indictment on the ground that he had been deprived of his statutory right to a speedy trial, contending that 506 days were chargeable to the People. In opposition, the People contended that only 143 days were chargeable to them. The Supreme Court denied the defendant's motion, determining that 162 days were chargeable to the People.

On appeal, the People correctly concede that those 162 days are chargeable to them. The defendant correctly contends that, since the People were not ready for trial on January 12, 2009, they should have been charged with the one-day period from January 12, 2009, to January 13, 2009 (*see People v England*, 84 NY2d 1, 4 [1994]), thus adding another day to the period of time chargeable to the People, for a total of 163 days. In addition, the defendant contends that the 27 days from January 10, 2008, when the People filed the indictment, until February 6, 2008, when the defendant was arraigned on the indictment and the People announced ready, were chargeable to the People. Although the issue of whether these 27 days are chargeable to the People is not preserved for appellate review, we reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]). On January 10, 2008, there was no court proceeding. Contrary to the People's contention, the Supreme Court file contains no written notice of their readiness, and there is no indication that such a notice was served on the defendant and filed with the court on that date (*see People v Kendzia*, 64 NY2d 331, 337 [1985]; *People v Brown*, 69 AD3d 871, 873 [2010]). Since the People's asserted reason for excluding this period is not supported by the record (*cf. People v Robinson*, 47 AD3d 847 [2008]), this 27-day period must be added to the 163 days chargeable to the People. The resulting total of 190 days exceeds the statutory six-month speedy trial period of 183 days (*see* CPL 30.30 [1] [a]).

Accordingly, the judgment must be reversed and the indictment dismissed (*see People v Courtney*, 249 AD2d 485, 485-486 [1998]).

In light of our determination, we do not reach the defendant's remaining contentions. Angiolillo, J.P., Dickerson, Hall and Cohen, JJ., concur.