■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WEAREN, Appellant. [949 NYS2d 170]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered December 2, 2009, convicting him of burglary in the second degree, criminal mischief in the fourth degree, and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing (Griffin, J.), of the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial.

Ordered that the judgment is reversed, on the law, the defendant's motion to dismiss the indictment pursuant to CPL 30.30 on the ground that he was deprived of his statutory right to a speedy trial is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was convicted of charges arising from an incident that occurred on July 7, 2006. On that date, a burglary occurred at a residence in Queens, and investigators were able to recover blood from an interior basement door, a sample of which they sent for DNA testing. A DNA profile of the sample was developed and compared to the New York State Combined DNA Index System (hereinafter CODIS). By letter dated January 22, 2007, the New York State Division of Criminal Justice Services notified the New York City Office of the Chief Medical Examiner (hereinafter OCME) that the DNA of the blood recovered from the crime scene matched the DNA profile of the defendant.

On January 31, 2007, the defendant was arrested and arraigned in connection with the incident of July 7, 2006. At his arraignment, the defendant signed a waiver of his CPL 30.30 right to a speedy trial, effective through February 28, 2007, and the matter was adjourned, with the defendant's consent, until April 19, 2007. On April 19, 2007, the grand jury voted on the indictment, which was filed on April 20, 2007. The defendant was arraigned on the indictment on May 15, 2007.

In an order dated August 8, 2008, the Supreme Court (Griffin, J.), granted that branch of the defendant's motion which was to be released on his own recognizance pursuant to CPL 30.30 (2) (a) because the People had not answered "ready" for trial. The court adjourned the matter for trial. On September 9, 2008, the People requested a confirmatory DNA sample from the defendant, to which the defendant refused to consent. The People were then granted an adjournment in order to obtain a court order for a confirmatory DNA sample from the defendant, which they obtained on September 23, 2008.

On December 4, 2008, before the People received the results of the defendant's confirmatory DNA sample, the defendant moved pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied his statutory right to a speedy trial. In an order dated January 13, 2009, the Supreme Court (Griffin, J.), denied the motion without a hearing.

Pursuant to CPL 30.30 (1) (a), the People were required to be ready for trial within six months of the commencement of this

criminal action, in which a felony was charged (*see People v Chavis*, 91 NY2d 500, 504 [1998]; *People v Goss*, 87 NY2d 792, 796 [1996]). In this case, the six-month period consisted of 181 days. The People do not dispute that 106 days of delay are chargeable to them.

A motion to dismiss an indictment pursuant to CPL 30.30 (1) (a) must be granted where the People are not ready for trial within six months of the commencement of a felony criminal action (*see* CPL 30.30 [1] [a]; 210.20 [1] [g]; *People v Chavis*, 91 NY2d at 504-505; *People v Smith*, 88 AD3d 749 [2011]). Where the defendant meets his or her initial burden in establishing that the People exceeded the six-month statutory time period, the burden shifts to the People to prove that certain periods of time should be excluded in computing the time within which they must be ready for trial (*see People v Goss*, 87 NY2d at 797; *People v Cortes*, 80 NY2d 201, 208 [1992]; *People v Berkowitz*, 50 NY2d 333, 348-349 [1980]; *People v Chardon*, 83 AD3d 954 [2011]). The periods of time that are excludable include "periods of delay occasioned by exceptional circumstances, including but not limited to, the period of delay resulting from a continuance granted at the request of a district attorney if (i) the continuance is granted because of the unavailability of evidence material to the people's case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period; or (ii) the continuance is granted to allow the district attorney additional time to prepare the people's case and additional time is justified by the exceptional circumstances of the case" (CPL 30.30 [4] [g]).

Here, the defendant met his initial burden of establishing that the People exceeded the six-month statutory time period and, thus, that the burden shifted to the People to prove that certain periods of time should be excluded in computing the time within which they were required to be ready for trial. The People contend that the 85 days between September 9, 2008, and December 4, 2008, are not chargeable to them because their alleged need to obtain a confirmatory DNA sample from the defendant, conduct genetic testing, and obtain the results, constitute exceptional circumstances within the meaning of CPL 30.30 (4) (g). We disagree.

In opposition to the defendant's statutory speedy-trial motion, the People submitted an affirmation from an assistant district attorney (hereinafter the ADA), who averred that she "had previously been informed" that no confirmatory DNA sample was needed from the defendant because he has an identi-

cal twin who had previously submitted a DNA sample to CODIS. The ADA's affirmation did not identify the individual who purportedly gave her such information, nor did she specify the date she allegedly received such information. The ADA further averred that, as she prepared for the September 9, 2008, trial date, Noelle Umback, a supervisor at the OCME, informed her on an unspecified date that the OCME would, in fact, need a confirmatory DNA sample from the defendant. The ADA explained that because the defendant refused to consent to the provision of a confirmatory DNA sample at a September 9, 2008, court proceeding, the matter was adjourned, and ultimately a DNA sample from the defendant was provided pursuant to court order on September 23, 2008, but the test results were not yet available when the defendant filed the instant motion on December 4, 2008.

The affirmation of the ADA was insufficient to satisfy the People's burden of establishing that the 85 days between September 9, 2008, and December 4, 2008, should have been excluded in computing the time within which they were required to be ready for trial. Initially, no one from the OCME, including Umback, submitted an affidavit in opposition to the defendant's motion. The ADA asserted that an unidentified person from an unidentified agency told her on an unspecified date that the defendant did not need to provide a confirmatory DNA sample. This assertion and the remainder of the ADA's affirmation do not suffice to explain why the People did not seek a confirmatory DNA sample from the defendant before September 9, 2008, given that the People had knowledge as early as January 2007 that a blood specimen recovered from the crime scene matched a DNA profile of the defendant. The ADA's affirmation does not in any way explain the necessity of obtaining a confirmatory DNA sample from the defendant. Further, the People did not submit any expert evidence in support of this unsubstantiated assertion that a confirmatory DNA sample was needed. As such, the People did not demonstrate that the adjournment granted at their request on September 9, 2008, was needed to obtain evidence that was unavailable despite their exercise of due diligence, or that the continuance was justified by exceptional circumstances (see CPL 30.30 [4] [g]; People v Rahim, 91 AD3d 970, 971-972 [2012]; see also People v Titus, 95 AD3d 1042 [2012]; cf. People v Robinson, 47 AD3d 847, 848 [2008]). Consequently, the 85-day period between September 9, 2008, and December 4, 2008, must be added to the 106 days chargeable to the People. The resulting 191 days exceeds the six-month statutory speedy trial period of 181 days (see CPL 30.30 [1] [a]).

Accordingly, the judgment must be reversed, the defendant's

motion pursuant to CPL 30.30 granted, and the indictment dismissed (*see People v Titus*, 95 AD3d 1042 [2012]; CPL 30.30 [1] [a]; 210.20 [1] [g]).

In light of our determination, we do not reach the defendant's remaining contentions. Rivera, J.P., Belen, Sgroi and Miller, JJ., concur.