■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NNAMDI CLARKE, Appellant. [995 NYS2d 727]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered December 16, 2010, convicting him of criminal possession of a weapon in the second

degree (two counts), reckless endangerment in the first degree, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence. The appeal brings up for review an order of the same court (Griffin, J.), dated June 9, 2010, which denied, without a hearing, the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial.

Ordered that the judgment is reversed, on the law, the order is vacated, the defendant's motion to dismiss the indictment pursuant to CPL 30.30 on the ground that he was deprived of his statutory right to a speedy trial is granted, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On May 14, 2009, the People moved to take an oral swab from the defendant for a DNA test. This motion was made more than 17 months after the defendant's November 29, 2007, arrest, and December 3, 2007, arraignment on the criminal complaint, approximately nine months after the defendant was indicted on August 18, 2008, and almost three months after the court issued a determination dated February 20, 2009, deciding, after a hearing, those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials. On June 5, 2009, the defendant, while preserving an objection on speedy trial grounds, consented to the taking of the oral swab. On November 13, 2009, the People produced a complete report of the results of the DNA test.

The defendant moved pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial. Contrary to the People's contention, because the People failed to exercise due diligence in obtaining the DNA sample from the defendant, the 161-day period between June 5, 2009, and November 13, 2009, was not excludable on the ground that their need to obtain the DNA test results constituted excusable, exceptional circumstances (*see* CPL 30.30 [4] [g]; *People v Wearen*, 98 AD3d 535, 538 [2012]; *People v Rahim*, 91 AD3d 970, 972 [2012]; *see generally People v Washington*, 43 NY2d 772, 773 [1977]). Adding this period of time to the periods of delay correctly conceded by the People, the People exceeded the six-month period in which they were required to be ready for trial (*see* CPL 30.30 [1] [a]). Accordingly, the judgment must be reversed, the defendant's motion pursuant to CPL 30.30 granted, and the indictment dismissed.

In light of our determination, we do not reach the defendant's remaining contentions, including those raised in his pro se

supplemental brief. Mastro, J.P., Hall, Roman and Maltese, JJ., concur.