People v Carter (2023 NY Slip Op 51496(U))

[*1]

People v Carter

2023 NY Slip Op 51496(U)

Decided on August 28, 2023

City Court Of Yonkers

Medina, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 28, 2023
City Court of Yonkers

The People of the State of New York, Plaintiff

against
Michael Carter, Defendant

Docket No. CR-6186-22

Westchester County District Attorney
Yonkers Branch
104 South Broadway 
Yonkers NY 10701
Thomas Vallely, Esq.
107 Lake Ave.
Tuckahoe, NY 10707

Ada D. Medina, J.

The following papers numbered 1 to 7 were read and considered on defendant's motion to dismiss pursuant to CPL § 30.30.
Papers Numbered
Notice of Motion and Affidavits Annexed1
Affirmation/Affidavits in Opposition 2
Felony Complaint 3
Superseding Misdemeanor Information 4
Filed Papers 5-7
Factual Background
On August 20, 2022 defendant was arraigned and charged by felony complaint with Robbery in the Third Degree (Penal Law § 160.05). On January 4, 2023 defendant waived the case to the Grand Jury. Upon the People's review of the matter, an application was made to return the case to Yonkers City Court for reconsideration (Neary, J.; CPL § 180.40). On March 13, 2023 the matter was returned to the Yonkers City Court calendar.
On April 3, 2023 defendant's prior counsel filed the instant motion. At the time, this Court lacked jurisdiction to decide the motion as the matter was pending as a felony (see CPL § 10.30; People v. Gervais, 195 Misc 2d 129, 132-133 [Crim. Ct. New York County 2003]). However, on April 5, 2023 the People filed a superseding misdemeanor information (hereinafter "SMI") charging defendant with Assault in the Third Degree (Penal Law § 120.00) and Petit [*2]Larceny (Penal Law § 155.25). On April 5, 2023 defendant's current counsel adopted the instant motion. On April 21, 2023 and April 26, 2023 the People filed Certificates of Compliance (hereinafter "COC") and declared ready for trial.
CPL § 30.30
CPL § 30.30 "[w]as enacted to serve the narrow purpose of insuring prompt prosecutorial readiness for trial, and its provisions must be interpreted accordingly" (People v. Sinistaj, 67 NY2d 236, 239 [1986]).In cases where the issue of timeliness is raised, the movant bears the burden to demonstrate the "prosecution failed to declare readiness within the statutorily prescribed time period " (People v. Luperon, 85 NY2d 71, 77-78 [1995]; see also People v. Cortes, 80 NY2d 201 [1992]; People v. Santos, 68 NY2d 859 [1986]; People v. Berkowitz, 50 NY2d 333 [1980]). The burden then shifts to the People to establish that certain periods within that time should be excluded (Id.).
Furthermore, in order for the People to be deemed ready for trial they must file a proper COC (CPL § 245.50[3]) within the time periods specified in CPL § 30.30. Here, the People did not file COCs until after defendant filed his motion to dismiss. The People must be ready for trial within six (6) months of the commencement of the criminal action on a felony (CPL § 30.30[1][a]) and ninety (90) days on a misdemeanor (CPL § 30.30[1][b]). The exception to this rule, as applied in this matter, occurs when a case is commenced as a felony and thereafter replaced with an SMI (CPL § 30.30[7][c]; People v. Wahab, 77 Misc 3d 1212[A] [Crim Ct, Bronx County 2022]). 
CPL § 30.30(7)(c)
CPL § 30.30(7)(c) states:
where a criminal action is commenced by the filing of a felony complaint, and thereafter, in the course of the same criminal action either the felony complaint is replaced with or converted to an information, prosecutor's information or misdemeanor complaint pursuant to article one hundred eighty of this chapter or a prosecutor's information is filed pursuant to section 190.70 of this chapter, the period applicable for the purposes of subdivision one must be the period applicable to the charges in the new accusatory instrument, calculated from the date of the filing of such new accusatory instrument; provided, however, that when the aggregate of such period and the period of time, excluding the periods provided in subdivision four, already elapsed from the date of the filing of the felony complaint to the date of the filing of the new accusatory instrument exceeds six months, the period applicable to the charges in the felony complaint must remain applicable and continue as if the new accusatory instrument had not been filed.
(emphasis added).
In order for this Court to determine whether the six (6) month (CPL § 30.30[1][a]) or ninety (90) day (CPL § 30.30[1][b]) timeframe applies, the first step is to determine the amount of time that has lapsed from the date the felony complaint was filed to the date the SMI was filed (August 20, 2022 to April 5, 2023 = 228 days). This Court then subtracts the amount of excludable time (44 days [as determined below]) (CPL § 30.30[4]) and then adds the CPL § 30.30 time for the most serious charge in the reduced accusatory instrument (90 days). As such, [*3]the calculation is as follows: (228 — 44 + 90 = 274 days).
As discussed below, this Court finds one-hundred and eighty-four (184) days chargeable to the People from the filing of the felony complaint to the date of the SMI. This calculation has taken into account forty-four (44) days of excludable time. The chargeable time of one-hundred and eighty-four (184) days plus the (90) day timeframe for the charge in the SMI (CPL § 30.30[1][b]) equals a combined total of two-hundred and seventy-four (274) days. Since this amount of time exceeds six (6) months, the " period applicable to the charges in the felony complaint must remain applicable and continue as if the new accusatory instrument had not been filed (CPL § 30.30[7][c]; see People v. Wahab, 77 Misc 3d 1212[A] [Crim Ct, Bronx County 2022]).
Another way to analyze this calculation is to start by determining the original six (6) month period of August 20, 2022 to February 20, 2022. Next, this Court determines the amount of excludable time (44 days). This Court then adds the forty-four (44) excludable days to the original six (6) months bringing the date to April 5, 2023 for the People to declare ready. 
A third and final way this Court interprets CPL § 30.30(7)(c) is by comparing the original six (6) month timeframe (August 20, 2022 to February 20, 2023) to the ninety (90) day timeframe for the SMI (April 5, 2023 to July 4, 2023). The end date which is closer in time determines the applicable time period. In this instance since February 20, 2023 is sooner than July 4, 2023, the six (6) month timeframe applies.
This Court has analyzed the above calculations in an effort to clarify and interpret its reading of CPL § 30.30(7)(c). This Court notes both defendant and the People concede the original six (6) month time period is applicable in this matter. 
CPL § 30.30 Calculation
The matter was commenced upon the filing of the felony complaint on August 20, 2022 and the People have six (6) months to be ready for trial. The time period between August 20, 2022 and February 20, 2023 amounts to a total of one-hundred and eighty-four (184) days in which the People have to declare ready for trial.
Here, defendant meets this burden of demonstrating the People failed to declare readiness for trial within the statutory time period as defendant alleges one-hundred and ninety-eight (198) days are chargeable to the People. The burden now shifts to the People to establish certain periods within this time should be excluded. An analysis of each time period follows.
August 20, 2022 — October 25, 2022
Time Charged to the People — 66 days
On August 20, 2022 the action was commenced. The People concede they requested numerous adjournments to October 25, 2022 and no exclusions apply. 
As such, sixty-six (66) days are chargeable to the People. 
October 25, 2022 — November 9, 2022
Time Charged to the People — 0 days
Defendant argues the People requested an adjournment from October 25, 2022 to November 9, 2022. However, upon review of the matter, this Court concludes defendant requested this adjournment. Adjournments made at the request of defendant are excluded (CPL § 30.30[4][b]).
As such, zero (0) days are chargeable to the People. 
November 9, 2022 — November 22, 2022
Time Charged to the People — 13 days
The People concede they requested an adjournment from November 9, 2022 to November 22, 2022 and no exclusions apply. 
As such, thirteen (13) days are chargeable to the People. 
November 22, 2022 — December 6, 2022
Time Charged to the People — 0 days
Defendant concedes he requested an adjournment from November 22, 2022 to December 6, 2022. Adjournments made at the request of defendant are excluded (CPL § 30.30[4][b]).
As such, zero (0) days are chargeable to the People. 
December 6, 2022 — December 21, 2022
Time Charged to the People — 0 days
Defendant concedes he requested an adjournment from December 6, 2022 to December 21, 2022. Adjournments made at the request of defendant are excluded (CPL § 30.30[4][b]).
As such, zero (0) days are chargeable to the People. 
December 21, 2022 — January 4, 2023
Time Charged to the People — 14 days
The People concede they requested an adjournment from December 21, 2022 to January 4, 2023 and no exclusions apply. 
As such, thirteen (14) days are chargeable to the People. 
January 4, 2023 — March 13, 2023
Time Charged to the People — 68 days
The People attempt to argue the time period from January 4, 2023 to March 13, 2023 is excludable. However, the People fail to provide any controlling authority to support an exclusion under CPL § 30.30(4).
During this time period defendant waived the action to the Grand Jury. An indictment is an "elemental prerequisite" to trial readiness and where " the long delay [is] directly attributable not to defendant or court congestion, but to the People's laxity in securing an indictment that provided a jurisdictional basis for the court to act at all.." the time is absolutely chargeable to the People (People v. England, 84 NY2d 1, 5 [1994]; see also People v. Ocasio, 39 Misc 3d 465, 467 [Sup. Ct. Bronx County 2013]). Moreover, it is well settled that if the People are not directly impaired of their ability to proceed to trial and no record of an "exceptional circumstance" has been made (CPL § 30.30[4][g]) to justify an exclusion, the time is chargeable to the People (People v. Cortes, 80 NY2d 201 [1992]). 
Here, the People were in direct control over the matter, as well as, any Grand Jury proceeding during the disputed time period. It is the People who have the sole ability to secure an indictment against a defendant. For the People to claim this time is excludable is not only inaccurate but in danger of crossing the line of unethical practice. The People do not sustain their burden of demonstrating the time period of January 4, 2023 to March 13, 2023 is excludable.
As such, sixty-eight (68) days are chargeable to the People.
March 13, 2023 — April 5, 2023
Time Charged to the People — 23 days
The People concede they requested an adjournment from March 13, 2023 to April 3, 2023 and no exclusions apply. On April 3, 2023 defendant's prior attorney filed the instant [*4]motion. The People argue the chargeable time should stop on the date defendant filed the motion (CPL § 30.30[4][a]). However, when the motion was submitted this Court did not have jurisdiction to entertain said motion. Therefore, this Court deems April 5, 2023, when the SMI was filed and when defendant's current counsel adopted said motion, to be the filing date. The adoption of the motion stops the speedy trial clock. (CPL § 30.30[4][a]).
As such, twenty-three (23) days are chargeable to the People. 
Conclusion
This Court finds a total of one hundred and eighty-four (184) days are chargeable to the People. As such, the People were required to file their COC and declare ready by April 5, 2023, the same day tey filed the SMI. As the People did not file their COCs until April 21, 2023 and April 26, 2023 the People failed to state ready within the required timeframe pursuant to CPL § 30.30.
Accordingly, it is
ORDERED, defendant's motion to dismiss is hereby GRANTED; and it is further
ORDERED, the matter is hereby dismissed and sealed.
This constitutes the Decision and Order of the court.