■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT REINHARDT, Appellant. [599 NYS2d 208] —Case held, decision reserved and matter remitted to Cattaraugus County Court for further proceedings in accordance with the following Memorandum: Defendant, as part of his omnibus pre-trial motion, sought dismissal of the indictment upon the ground that the People did not announce readiness within six months of the commencement of the action (see, CPL 30.30 [1]). The moving papers alleged that defendant was arraigned on January 18, 1990 on a simplified traffic information charging him with felony driving while intoxicated and a traffic infraction, and that defendant was arraigned on an indictment containing those same charges on August 6, 1990, more than six months after commencement of the action on January 18, 1990. In response, the People acknowledged that defendant was arraigned on the simplified traffic information on January 18, 1990, but maintained that readiness was announced on July 27, 1990. The People also claimed that 33 days were excludable because two adjournments were granted at defendant's request; that the 17 days between the date of the indictment and date of arraignment on the indictment were excludable; that a 14-day delay occurring because a quorum of the Grand Jury was not present and because a material witness was on vacation should also be excluded; and that exclusion of any one of those periods would bring the People's announcement of readiness within the six-month rule. County Court, without conducting a hearing, implicitly determined that the date of indictment (July 20, 1990) was the relevant date for purposes of CPL 30.30, and that it was four days beyond the expiration of 180 days. It further determined that 13 days should be excluded because the court was unable to take action and that such time should not be charged to the People.

County Court erred by using the date of indictment as the relevant date. The six-month time period set forth in CPL 30.30 (1) stops running when the People announce their

readiness for trial, not when the indictment is filed. Moreover, once the indictment has been filed, the inability of the court to take action does not prevent the People from announcing readiness (see, People v Kendzia, 64 NY2d 331, 337-338; People v Brothers, 50 NY2d 413, 417-418). The only 13-day period claimed to be excludable arose from the inability of the Grand Jury to meet for lack of quorum and the unavailability of a material witness. Whether the unavailability of a prosecution witness should result in time chargeable to the People is a factual issue to be resolved at a hearing (see, People v Zirpola, 57 NY2d 706, 708). We also note that presentment of a matter to the Grand Jury is a matter within the People's control (see, People v McCaffery, 78 AD2d 1003).

Additionally, a motion to dismiss cannot be denied without conducting a hearing unless the People conclusively refute an allegation of fact "by unquestionable documentary proof" (CPL 210.45 [5] [c]). The People did not submit documentary proof to support the assertion that readiness was announced on July 27, 1990 or to support the contentions that certain time periods were excludable. Because County Court should have conducted a hearing to resolve the factual issues raised by defendant's motion to dismiss for a violation of CPL 30.30 (1), we reserve decision and remit this matter for that hearing. (Appeal from Judgment of Cattaraugus County Court, Nenno, J.—Driving While Intoxicated.) Present—Pine, J. P., Balio, Lawton, Fallon and Davis, JJ.