■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS MURRAY, Respondent. [637 NYS2d 852] —Case held, deci-

sion reserved and matter remitted to Onondaga County Court for further proceedings in accordance with the following Memorandum: Defendant was charged with one count of sexual abuse in the first degree (Penal Law § 130.65 [3]) and arraigned in Onondaga Town Court (Town Court) on September 15, 1993. Thereafter, the People and defense counsel attempted to negotiate a plea bargain. The People stated their readiness for trial on December 14, 1993 in a memorandum filed with Onondaga County Court, requesting that the charge against defendant be reduced to sexual abuse in the second degree (Penal Law § 130.60), contingent upon defendant's plea. The plea also was to be in full satisfaction of charges of felony driving while intoxicated (DWI) (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c]) and aggravated unlicensed operation of a motor vehicle (AUO) (Vehicle and Traffic Law § 511 [2]) pending against defendant. On December 16, 1993, County Court returned the matter to Town Court based upon the People's memorandum. Thereafter, the case was repeatedly adjourned. Finally, in a CPL 190.50 notice, dated August 17, 1994, the People informed defendant of their intention to indict him on the felony DWI and AUO charges. Defendant was indicted on those charges on October 6, 1994. On February 1, 1995, defendant informed Town Court that he was rejecting the plea offer of November 17, 1993. On February 10, 1995, defendant moved to dismiss the charge of sexual abuse in the first degree on speedy trial grounds (CPL 30.30 [1] [a]). On March 14, 1995, defendant was indicted on one count of sexual abuse in the first degree and one count of endangering the welfare of a child (Penal Law § 260.10 [1]). Defendant was arraigned on those charges on March 21, 1995, at which time the People declared their readiness for trial. On March 29, 1995, County Court granted defendant's motion to dismiss the indictment pursuant to CPL 30.30. Thereafter, County Court denied the People's motion for reconsideration of the dismissal of the indictment.

We reject the contention of the People that they were ready for trial within the required six-month statutory period *(see,* CPL 30.30 [1] [a]). In order to establish readiness for trial, it must be shown either that a statement of trial readiness was made in open court and transcribed or recorded, or that a written notice of readiness was sent by the People to both defense counsel and the appropriate court clerk *(see, People v Kendzia,* 64 NY2d 331, 337). Further, the People must not only announce readiness, but must, in fact, be ready to go to trial *(People v Kendzia, supra,* at 337).

It is clear that the People neither were nor could be ready

for trial in Town Court on the charge of sexual abuse in the first degree, a felony, for which defendant was not indicted until March 14, 1995. To prosecute the felony charge, the People were required to indict defendant and transfer the case to County Court. Therefore, the declaration of readiness by the People in their memorandum to Town Court was nothing more than an "empty declaration" (People v England, 84 NY2d 1, 5, rearg denied 84 NY2d 846).

We reject as untenable the further contention of the People that the time period from August 17, 1994, when they informed defendant of their intention to present the DWI and AUO charges to the Grand Jury, to March 21, 1995, when they announced their readiness for trial, is not chargeable to them under CPL 30.30 (4) (a) because defendant was considering their plea offer during that period. The People's decision to indict defendant on the DWI charge negated the proposed plea bargain because the disposition of the DWI and AUO charges was an integral part of the plea bargain. The People were aware on August 17, 1994, the date of their CPL 190.50 notice, that they could no longer offer that plea bargain.

County Court erred, however, in dismissing the indictment without conducting a hearing to resolve the factual issue whether defendant requested or consented to the adjournment from February 2, 1994 to September 21, 1994, a period of more than seven months (see, CPL 30.30 [1] [a]; [4] [b]). The record does not disclose at whose request those adjournments were made or, if made by the People, whether defendant consented to them. "[C]onsent to an adjournment must be clearly expressed by the defendant or defense counsel to relieve the People of the responsibility for that portion of the delay" (People v Liotta, 79 NY2d 841, 843). We, therefore, reserve decision and remit the matter to Onondaga County Court for a hearing on that issue (see, People v Reinhardt, 193 AD2d 1122, 1123). (Appeal from Order of Onondaga County Court, Cunningham, J.—Dismiss Indictment.) Present—Denman, P. J., Lawton, Doerr, Balio and Boehm, JJ.