People v Carrasco (2024 NY Slip Op 50011(U))

[*1]

People v Carrasco

2024 NY Slip Op 50011(U)

Decided on January 10, 2024

Criminal Court Of The City Of New York, Queens County

Licitra, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 10, 2024
Criminal Court of the City of New York, Queens County

The People of the State of New York

against
Carrasco, Defendant.

Docket No. CR-019279-22QN

For the People: Melinda Katz, District Attorney (by Luis Lopez, on the brief)
For Mr. Carrasco: The Legal Aid Society (by Pauloma Martinez, on the brief)

Wanda L. Licitra, J.

Pending before the court is a C.P.L. § 30.30 motion. It alleges the People's statement of readiness was illusory, claiming they failed to first file a proper certificate of automatic discovery compliance.
A proper certificate of discovery compliance requires the People to certify that they have exercised "due diligence" and made "reasonable inquiries" to "ascertain the existence" of discoverable material. (C.P.L. § 245.50[1]). Part of that duty requires the prosecutor to "make a diligent, good faith effort" to "ascertain the existence" of discoverable material, and to "cause" it to "be made available," where it "exists but is not within the prosecutor's possession, custody or control." (C.P.L. § 245.20[2] [entitled "Duties of the prosecution"]).
People v. Rahman is a good example of this rule in action. In that case, our Appellate Term affirmed an order granting a C.P.L. § 30.30 motion. (79 Misc 3d 129[A] [App. Term, 2d Dep't 2023], lv. denied, 40 NY3d 1040). Below, the People had filed a certificate of automatic discovery compliance even though they had not disclosed "FDNY/EMS" records concerning the complainant's medical treatment. (Id. at *1). The People argued that they were not required to turn over these records because FDNY and EMS are not under the People's control. (Id.).
Our Appellate Term rejected the People's argument. As the court observed, a proper certificate of compliance requires the People to first exercise "'due diligence'" and make "'reasonable inquiries'" to "'ascertain the existence'" of discoverable material. (Id. at *2 [quoting C.P.L. § 245.50[1]]). Discoverable material includes:
All reports, documents, records, data, calculations or writings, including but not limited to preliminary tests and screening results and bench notes and analyses performed or stored electronically, concerning physical or mental examinations, or scientific tests or experiments or comparisons, relating to the criminal action or proceeding which were made by or at the request or direction of a public servant engaged in law enforcement activity, or which were made by a person whom the prosecutor intends to call as a witness at trial or a pre-trial hearing, or which the prosecution intends to introduce at trial or a pre-trial hearing.
(Id. [quoting [C.P.L. § 245.20[1][j]]). Thus, "in the circumstances of [the] case, and in light of the instruction to interpret CPL 245.20[1] in favor of disclosure," (C.P.L. § 245.20[7]), "the FDNY/EMS records were discoverable under CPL 245.20[1][j]." (Id.). The "circumstances of [the] case" were that "a complainant . . . walked into a precinct the same day she allege[d] she was assaulted and the police called an ambulance to examine and treat her." (People v. Rahman, 74 Misc 3d 1214[A], at *2 [Sup. Ct., Queens County 2022]). "Failure to obtain and disclose records of physical treatment and/or examination of a complainant allegedly assaulted on that same day falls far short of the due diligence the statute requires of the People in this context," the lower court held. (Id.).
"Moreover," the Appellate Term noted, "the People were required to make a diligent, good faith effort to ascertain the existence of the FDNY/EMS records and to cause the records to be made available for discovery even if the records were not in the People's possession, custody, or control." (Rahman, 79 Misc 3d 129[A], at *2 [internal quotation marks omitted] [citing People v. Ajunwa, 75 Misc 3d 1220[A] [Crim. Ct., Bronx County 2022] [Licitra, J.]; People v. Todd, 67 Misc 3d 566 [Sup. Ct., Queens County 2020] [Zayas, J.]]).
The instant case charges an assault. The People allege that Mr. Carrasco kicked the complainant in the torso and hit him on the head with a glass bottle. (Pr. Resp. at 3). They allege that the complainant was then "taken to Booth Memorial Hospital where he received four stitches for a laceration on his head caused by the defendant's assault." (Id.). By email, the People clarified to this court that the police were on scene when the complainant was removed to the hospital. This is apparently depicted in body-worn camera footage from the scene.
"Should a defendant bring a CPL 30.30 motion to dismiss on the ground that the People failed to exercise due diligence and therefore improperly filed a [certificate of compliance], the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing." (People v. Bay, 2023 NY Slip Op. 06407, at *7 [2023]).
Here, the People admit that before filing their certificate of discovery compliance, they did nothing regarding the complainant's medical records. Like in Rahman, they argue only that these records are not within their possession, custody, or control. (Id. at 3-4). For that reason, they disclaim any duty to ascertain whether the records may fall under C.P.L. § 245.20[1] as a part of automatic discovery. (See id.).
The People misapprehend their duties. As noted earlier, under C.P.L. § 245.20[2]—again, entitled, "Duties of the prosecution"—the People are required to make a diligent, good faith effort to ascertain the existence of discoverable material and make it available "where it exists but is not within the prosecutor's possession, custody or control." As a result, the People cannot categorically disclaim doing anything simply because potentially discoverable material is not within their possession, custody, or control.
Accordingly, here, the People had to make a "diligent, good faith effort" to determine whether material subject to C.P.L. § 245.20[1][j] existed "but [was] not within" their "possession, custody or control." (See C.P.L. § 245.20[2]). The circumstances in this case suggest that law enforcement may have been involved in requesting or arranging medical treatment for the complainant, just like in Rahman. The officers were on scene immediately after a significant fight between some individuals, and while they were on scene, the complainant was removed to the hospital. It is reasonable to think that the police may have been involved in the complainant's medical attention. It was therefore the People's duty to determine the answer to that question before filing their certificate—a certificate claiming they exercised "due diligence" [*2]and made "reasonable inquiries" to "ascertain the existence" of discoverable material.
But instead of making that effort and investigating that question, the People here did nothing, simply reasoning that hospitals are not under their control. Failing to investigate that question at all "falls far short of the due diligence the statute requires of the People in this context." (Rahman, 74 Misc 3d 1214[A], at *2; see also People v. Figueroa, 76 Misc 3d 888, 893 [Crim. Ct., Bronx County 2022] ["Failure to do anything regarding FDNY records when that agency responded to an arrest involving an allegedly intoxicated person, who was thereafter transported to the hospital, falls far short of the due diligence the statute requires of the People in this context."] [internal quotation marks omitted]).
To be sure, the discovery statute does not require the People "to obtain by subpoena duces tecum material or information which the defendant may thereby obtain." (C.P.L. § 245.20[2]). Nonetheless, as in Rahman, that does not excuse the People from their statutory duty to make a "diligent, good faith effort" to ascertain whether potentially discoverable material may exist. (Id.; see also C.P.L. § 245.20[1][j]). In short, they cannot do nothing.
Since the People's certificate was improper "and there were no special circumstances presented," the statements of readiness based on that certificate were also invalid. (See Rahman, 79 Misc 3d 129[A], at *3). The People commenced this case on August 1, 2022. It is now the People's burden to prove that any of the time between then and now "should be excluded" and to provide the necessary evidence to substantiate their claims. (E.g., People v. Wearen, 98 AD3d 535, 537 [2d Dep't 2012]; People v. Reinhardt, 193 AD2d 1122, 1122 [4th Dep't 1993]). Here, the People claim no such exclusions. (See generally Pr. Resp.). Nonetheless, the defense concedes that their request for a motion schedule on November 29, 2022, stopped the clock. (Def. Mot. at 3, 7; see C.P.L. § 30.30[4][a]).
Accordingly, the People are responsible for delay from August 1, 2022, to November 29, 2022. That is 120 days. Because that is more than the ninety days the People are allowed, the case must be dismissed. (C.P.L. § 30.30[1][b]).
The foregoing constitutes the order and decision of the court.
Dated: Queens, NY
January 10, 2024
____________________
Wanda L. Licitra, J.C.C.