People v Bracy (2024 NY Slip Op 50112(U))

[*1]

People v Bracy

2024 NY Slip Op 50112(U)

Decided on February 5, 2024

Criminal Court Of The City Of New York, Queens County

Licitra, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 5, 2024
Criminal Court of the City of New York, Queens County

The People of the State of New York

against
Bracy, Defendant.

Docket No. CR-018958-23QN

For the People: Melinda Katz, District Attorney (by John Tjartjalis)
For Mr. Bracy: The Legal Aid Society (by Allen Popper)

Wanda L. Licitra, J.

Pending before the court is a C.P.L. § 30.30 motion alleging that the People failed to file a proper, good-faith certificate of automatic discovery compliance before stating ready for trial. Specifically, the motion alleges that the People failed to diligently ascertain the existence of, and disclose, a complete record of their complainant's prior convictions. In response, the People point to a "discovery document" that they disclosed, which they describe as the complainant's "criminal record."
Absent special circumstances, the People must file a proper, good-faith certificate of automatic discovery compliance before stating ready for trial. (C.P.L. §§ 245.50[3], [1], 30.30[5]). The People's automatic discovery duty—as reflected in this requisite certificate—is twofold. First, the People must exercise "due diligence" and make "reasonable inquiries" to ascertain the existence of discoverable information. (C.P.L. § 245.50[1]). This includes making a "diligent, good faith effort" to ascertain the existence of discoverable information "where it exists but is not within the prosecutor's possession, custody or control." (C.P.L. § 245.20[2]). "[A]fter" making these efforts, the People must then "disclose[] . . . all known material and information subject to discovery." (C.P.L. § 245.50[1]).
"Should a defendant bring a CPL 30.30 motion to dismiss on the ground that the People failed to exercise due diligence and therefore improperly filed a [certificate of compliance], the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing" the certificate. (People v. Bay, 2023 NY Slip Op. 06407, at *7 [2023]). "If the prosecution fails to make such a showing, the [certificate] should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed." (Id.).
Criminal Procedure Law § 245.20[1] defines the scope of automatic discovery. It includes "all items and information that relate to the subject matter of the case," which in turn includes but is not limited to twenty-one enumerated categories of material. (See C.P.L. §§ 245.20[1][a]-[u]). Subsection [p] requires the People to disclose "[a] complete record of judgments of conviction for all defendants and all persons designated as potential prosecution witnesses . . . other than those witnesses who are experts." (C.P.L. § 245.20[1][p]).
As a result, before filing a certificate of automatic discovery compliance, the People must [*2]make a diligent, reasonable, and good-faith effort to ascertain the existence of their witness's prior convictions. This duty is not simply cabined to disclosing a witness's prior convictions involving the NYPD or those about which the People or the NYPD already know. Rather, the statute requires the People to ascertain the existence of and disclose "[a] complete record of judgments of conviction." (C.P.L. § 245.20[1][p] [emphasis added]; see also People v. Simmons, 78 Misc 3d 544, 549 [Sup. Ct., Bronx County 2023] ["[T]he prosecutor now has an obligation to obtain and disclose a complete list of the witness's judgments of conviction as opposed to a selective list containing only the convictions known to the prosecutor."]). That involves determining whether convictions may exist from other jurisdictions. (See C.P.L. § 245.20[2] [noting the People must make a diligent, good faith effort" to ascertain the existence of and disclose discoverable material "where it exists but is not within the prosecutor's possession, custody, or control"]; see also People v. Rahman, 79 Misc 3d 129[A] [App. Term, 2d Dep't 2023] [noting the same]; People v. Todd, 67 Misc 3d 566, 570 [Sup. Ct., Queens County 2020] [Zayas, J.] [noting that the statute imposed an obligation on the People to make a "diligent, good faith effort" to ascertain and disclose "[t]he names of witnesses" even though they did not know the witnesses' names]). "Put differently," under the discovery reform statute, "the prosecutor may no longer turn a blind eye to their witnesses' criminal convictions." (Simmons, 78 Misc 3d at 549). "Rather, they must affirmatively ascertain their existence and provide such information to the defense." (Id.).
In analyzing whether the People have met this requirement, "[r]easonableness" is the "touchstone." (Bay, 2023 NY Slip Op. 06407, at *5). Analyzing reasonableness is "case-specific" and "will turn on the circumstances presented." (Id. at *6). The statute does not require a "perfect prosecutor." (Id.). However, a "good faith" effort, standing alone, is "not sufficient." (Id.).
The court has reviewed the document the People disclosed here that they claim to constitute the complaining witness's "criminal record." (See Def. Mot. Ex. C). It is not a list of prior convictions, which the People commonly disclose. Instead, it is a printout entitled "Criminal History" that includes several "cycles" of "arrests." They list several "charges," including "EVADING ARREST DET W/VEH," "UNL POSS FIREARM BY FELON," "POSS CS PG 1/1-B >=1G<4G,” “POSS CS PG 1/1-B <1G,” “POSS CS PG 3< 28G,” “ASSAULT FAM/HOUSE MEM IMPEDE BREATH/CIRCULAT,” “FORGERY GOVT/NATIONAL INST/MONEY/SECURITY,” and “VIOL BOND/PROTECTIVE ORDER.” 

Critically, however, nowhere does this document state the complaining witness’s prior convictions. While there is a notation for “disposition” on each “cycle,” the notes associated with that label do not specify whether the case ended with a conviction. Rather, they either say “held” (with a date) or “released without prosecution.” It is not clear what “held” means, but it could reasonably be interpreted as “held for prosecution.” To illustrate, this is a representative example of a “cycle” on the list:

===============Cycle 001===================
Tracking Number 9268197057
Earliest Event Date 2020-09-10
----------------------------------------------------------------------

[*3]Arrest Date

2020-09-10

Arresting Agency

TX1015000 HARRIS CO CONSTABLE'S OFFICE PCT 5

HOUSTON

Subject's Name

. . .[FN1]

Arrest Type 

Adult

Charge

A001

Charge Number

J11200910747

Charge Tracking Number

9268197057

Charge Literal

EVADING ARREST DET W/VEH

Charge Description

Arrest Offense Literal: TX1015000200900279

Statute

(PC 38.04(b)(2)(A); )

NCIC Offense Code

4801

State Offense Code

48010020

Severity 

FELONY — 3RD DEGREE

Disposition 

( 2020-09-11; HELD)

----------------------------------------------------------------------

Prosecutor Disposition

(Cycle 001)

Prosecutor Agency

Charge

A001

Charge Tracking Number

9268197057

Charge Literal

EVADING ARREST DET W/VEH

Statute

(PC 38.04(b)(2)(A); )

NCIC Offense Code

4801

State Offense Code

48010020

[*4]Severity

FELONY — 3RD DEGREE

By simply disclosing this document, the People cannot be said to have reasonably and diligently addressed their duty under C.P.L. § 245.20[1][p]. While this list provides some information about the complainant's various arrests and charges, it does not include or specify his convictions. The People should have realized that this information was missing upon reviewing the document themselves. Indeed, upon reviewing this document, both the court and defense counsel readily noticed that the final disposition of each of these "cycles"—i.e., whether the complainant was convicted—was not recorded. The duty to disclose a complete list of a witness's convictions is a basic one specifically articulated by the statute. A reasonable prosecutor would review this document to check whether it in fact included a complete record of those convictions. And, upon doing so, they would notice that this document completely omits that necessary information.
Accordingly, the People's certificate of automatic discovery compliance was not proper, and in turn, their statements of readiness based upon it were illusory. The People commenced this case on July 2, 2023. It is squarely the People's burden to claim that any time between then and now "should be excluded" under C.P.L. § 30.30[4] and to provide the necessary evidence to prove their claims. (E.g., People v. Wearen, 98 AD3d 535, 537 [2d Dep't 2012]; People v. Reinhardt, 193 AD2d 1122, 1122 [4th Dep't 1993]). Here, the People neither claim nor prove any such exclusions. (See generally Pr. Resp.). Nonetheless, it is plain from the face of the papers that the defense filed the instant motion on November 30, 2023, which stops the clock. (See C.P.L. § 30.30[4][a]). Therefore, the People are responsible for the delay between July 2, 2023, and November 30, 2023. That is 151 days. Because that exceeds the ninety days the People are allowed, the defense's motion is granted. (C.P.L. § 30.30[1][b]).
Any remaining issues are moot.
The foregoing constitutes the order and decision of the court.
Dated: February 5, 2024
Queens, NY
Wanda L. Licitra, J.C.C.

Footnotes

Footnote 1:The complainant's name is omitted for this published decision.