People v Serafino (2024 NY Slip Op 50356(U))

[*1]

People v Serafino

2024 NY Slip Op 50356(U)

Decided on April 4, 2024

Criminal Court Of The City Of New York, Queens County

Licitra, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 4, 2024
Criminal Court of the City of New York, Queens County

The People of the State of New York

against
Serafino, Defendant.

Docket No. CR-010673-23QN

For the People: Melinda Katz, District Attorney of Queens County (by Sotirios Doolen)
For Mr. Serafino: The Legal Aid Society (by Felipe Garcia)

Wanda L. Licitra, J.

On nearly the last day of the C.P.L. § 30.30 readiness period, the People filed a certificate of automatic discovery compliance and stated ready for trial. In that certificate, the People were required to certify that "after exercising due diligence and making reasonable inquiries to ascertain the existence of [discoverable] material . . . , the prosecutor has disclosed and made available all known [discoverable] material." (C.P.L. § 245.50[1]). At issue in this case is whether the People properly certified the first assertion—whether they had, in fact, exercised "due diligence" and made "reasonable inquiries" to "ascertain the existence" of discoverable material.
The Court of Appeals instructed how to conduct this analysis in People v. Bay, 2023 NY Slip Op. 06407 [Dec. 14, 2023]. Upon "a C.P.L. 30.30 motion to dismiss on the ground that the People failed to exercise due diligence and therefore improperly filed a [certificate], the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing [it]." (Id. at *7). "If the prosecution fails to make such a showing, the [certificate] should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed." (Id.).
"Due diligence" is the "diligence reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation." (Id. at *5 [internal quotation marks omitted]). In other words, it means "reasonable efforts." (Id.). "Reasonableness, then, is the touchstone" of this analysis, and "as with any question of reasonableness," it "will turn on the circumstances presented." (Id. at *5-*6). Courts can consider a wide range of factors in this analysis, including the prosecutor's "efforts"; how "obvious" the missing material was; the "complexity of the case"; the "volume" of discovery provided and outstanding; the "explanation" for the lapse; and the prosecutor's "response." (Id. at *6).
The People here do not meet their burden of establishing that they did, in fact, exercise due diligence and make reasonable inquiries before filing their certificate. This is a simple DWI case in which the People failed to disclose the body-worn camera footage of the arresting officer's partner. That is a basic, routine, and critical piece of evidence in any DWI case. The People understood this officer was involved in the incident, and they should have known his [*2]body-worn camera was activated—that fact was explicitly noted on the "District Attorney Body-Worn Camera Checklist."
Yet the People here provide no explanation that would nonetheless justify a finding of reasonable diligence; rather, they simply refer to their failure to obtain the footage as "inadvertent[]." From the body-worn camera index, the People were on reasonable notice that this footage existed. But they do not provide any explanation as to why they failed to "check the items sent to them against" that index. (See People v. Guzman, 75 Misc 3d 132[A], at *4 [App. Term, 2d Dep't 2022] [the prosecution failed to establish due diligence where they did not check the police's production against an index of the items]; see also People v. Trotman, 77 Misc 3d 1210[A], at *1 [Crim. Ct., Queens County 2022] [the prosecution cannot "have claimed to have exercised 'due diligence' when they failed to ascertain and disclose police reports explicitly referenced on the police's own index"]). The People apparently reviewed this document only after "defense counsel examine[d] the prosecution's discovery materials and point[ed] to clear references that other undisclosed discoverable items exist[ed]." (See People v. Valentine, 2019BX030896, at *9 [Crim. Ct., Bronx County 2021] [Michels, J.]). In such a situation, the court "cannot find that the prosecution acted reasonably and diligently." (See id.; see also People v. Pierna, 74 Misc 3d 1072, 1092 [Crim. Ct., Bronx County 2022] [the prosecution failed to establish due diligence "inasmuch as it is alleged in the criminal court that the officer sustained physical injuries, the People were on reasonable notice of the potential existence of the photographs"]).
In fact, the People here provide no information at all about their efforts to ensure that automatic discovery was complete when they certified that it was. Without that "necessary factual basis" to analyze the People's diligence before filing their certificate, the court cannot conclude that they exercised reasonable efforts. (See People v. McKinney, 71 Misc 3d 1221[A], at *7 [Crim. Ct., Kings County 2021] [the prosecution must show a "factual basis" for a court to find "due diligence"]). "Post-filing disclosure and a supplemental COC cannot compensate for a failure to exercise diligence before the initial [certificate] is filed." (Bay, 2023 NY Slip Op. 06407, at *6).
Instead of making a record about their diligence before filing the certificate, the People confuse legal standards and make legally irrelevant arguments. First, the People argue that their certificate was proper because they acted in good faith. But "good faith is not sufficient standing alone and cannot cure a lack of diligence." (Bay, 2023 NY Slip Op. 06407, at *6). Second, the People complain that the defense has not established "prejudice" and thus a sanction under C.P.L. § 245.80 is not warranted. This again misunderstands the issue. "Contrary to the People's contentions, a defendant need not demonstrate prejudice to obtain a speedy trial dismissal based on a failure to timely comply with discovery obligations." (Id. at *7). Criminal Procedure Law sections 245.50[3] and 30.30[5] "plainly require that the People file a proper [certificate] reflecting that they have complied with their disclosure obligations before they may be deemed ready for trial." (Id.). "The consequence of unreadiness after the CPL 30.30 period expires is dismissal," and that is "not contingent on a finding of prejudice." (Id.). As the Court of Appeals has squarely rejected the People's oft-made argument on this issue, they are directed to stop making it. (See, e.g., Providian Nat. Bank v. McGowan, 186 Misc 2d 553 [App. Term, 2d Dep't 2000] [courts may bar frivolous arguments]).
Because the People's certificate of discovery compliance was not proper, their attendant statement of readiness was illusory. The People had ninety days from filing their complaint on [*3]April 16, 2023, to validly state ready for trial. (See C.P.L. § 30.30[1][b]). It is now the People's burden to prove that any time "should be excluded" under C.P.L. § 30.30[4] and to provide the necessary evidence to substantiate their claims. (E.g., People v. Wearen, 98 AD3d 535, 537 [2d Dep't 2012]; People v. Reinhardt, 193 AD2d 1122, 1122 [4th Dep't 1993]). Here, the People do not claim any such exclusion. Nonetheless, the defense acknowledges that they requested a motion schedule on September 12, 2023, which tolls the clock. (See C.P.L. § 30.30[4][a]). Therefore, the C.P.L. § 30.30 calculation runs from April 16, 2023, to September 12, 2023. That is 149 days, more than the ninety the People are allowed.
As a result, the case must be dismissed.
The remaining motions and issues are moot.
The foregoing constitutes the decision and order of the court.
Dated: April 4, 2024
Queens, NY
Wanda L. Licitra, J.C.C.