People v Foreman (2024 NY Slip Op 50567(U))

[*1]

People v Foreman

2024 NY Slip Op 50567(U)

Decided on May 10, 2024

Criminal Court Of The City Of New York, Queens County

Licitra, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 10, 2024
Criminal Court of the City of New York, Queens County

The People of the State of New York

against
Foreman, Defendant.

Docket No. CR-028647-23QN

For the People: Melinda Katz, District Attorney of Queens County (by Christopher Ciccolini)
For Mr. Foreman: The Legal Aid Society (by Eva Stephenson)

Wanda L. Licitra, J.

Before validly stating ready for trial, the prosecution must certify they have exercised "due diligence" and made "reasonable inquiries" to ascertain the existence of discoverable material. (C.P.L. § 245.50[1]). Where, as here, a C.P.L. § 30.30 motion calls that certificate into question, the prosecution "bear[s] the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing" the certificate. (People v. Bay, 41 NY3d 200, 213 [2023]). To meet that burden, the prosecution must provide the "necessary factual basis" on which a court could find "due diligence." (People v. McKinney, 71 Misc 3d 1221[A], at *7 [Crim. Ct., Kings County 2021]; see also People v. Critten, 77 Misc 3d 1219[A], at *3 [Crim. Ct., NY County 2022] [assessing "due diligence requires the People to show how due diligence was exercised"]). "If the prosecution fails to make such a showing, the [certificate] should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed." (Bay, 41 NY3d at 213).
The prosecution here fails to create a record that could substantiate any efforts—let alone diligent ones—to ascertain the existence of discoverable information. They admit that they filed their certificate without disclosing "body worn camera footage, meta data, and memo books," for two police officers who responded to the incident. (See C.P.L. §§ 245.20[1][g], [e]). They provide no explanation as to why that occurred; indeed, they candidly concede that their failure "is without a defense." They also admit that they failed to obtain and disclose "FDNY and EMS records related to this case," "the victim's medical records related to this case," and "any of [D]etective Scott Galligan's DD5's [sic] related to this case." (See C.P.L. §§ 245.20[1][j], [e]; People v. Rahman, 79 Misc 3d 129[A], at *2 [App. Term, 2d Dep't 2023]). And they admit that an "aided report was likely generated . . . and that they failed to disclose the document." (See C.P.L. § 245.20[1][e]). The prosecution does not provide any information about what efforts they took before filing their certificate to ascertain and disclose these materials. On this record, the court cannot conclude that they diligently ascertained the existence of discoverable information before certifying so. The prosecutor's admitted and unexplained failures alone demonstrate that their certificate of compliance was not proper.
Despite these admitted failures, the prosecution argues that the court should deny this [*2]C.P.L. § 30.30 motion because the defense has not shown that they were prejudiced. That is not the law. "Contrary to the People's contentions, a defendant need not demonstrate prejudice to obtain a speedy trial dismissal based on a failure to timely comply with discovery obligations." (Bay, 41 NY3d at 213-14). Criminal Procedure Law sections 245.50[3] and 30.30[5] "plainly require that the People file a proper [certificate] reflecting that they have complied with their disclosure obligations before they may be deemed ready for trial." (Id.). "The consequence of unreadiness after the CPL 30.30 period expires is dismissal," and that is "not contingent on a finding of prejudice." (Id. at 214). As the Court of Appeals has squarely rejected the prosecution's oft-made argument on this issue, they are directed to stop making it. (See, e.g., Providian Nat. Bank v. McGowan, 186 Misc 2d 553 [App. Term, 2d Dep't 2000] [courts may bar frivolous arguments]).
Because the prosecution's certificate of compliance was improper, its accompanying statements of readiness were illusory. The prosecution commenced this case on October 7, 2023, and they had ninety days to validly state ready for trial. (See C.P.L. § 30.30[1][b]). The prosecutor's statement of readiness on December 21, 2023, was not valid and did not toll the clock. It is now the prosecution's burden to prove that any time "should be excluded" and to provide the necessary evidence to substantiate their claims. (E.g., People v. Wearen, 98 AD3d 535, 537 [2d Dep't 2012]; People v. Reinhardt, 193 AD2d 1122, 1122 [4th Dep't 1993]). Here, the prosecution does not claim even a single C.P.L. § 30.30[4] exclusion. Nonetheless, it is plain from the papers that a motion was filed on February 29, 2024. Therefore, the prosecution is responsible for the delay from October 7, 2023, to February 29, 2024, which is 145 days.
Accordingly, the case must be dismissed. (See C.P.L. § 30.30[1][b]).
Any remaining issues are moot.
The foregoing constitutes the order and decision of the court.
Dated: May 10, 2024
Queens, NY
____________________
Wanda L. Licitra, J.C.C.