People v Henry (2024 NY Slip Op 24025)

[*1]

People v Henry

2024 NY Slip Op 24025

Decided on January 29, 2024

Criminal Court Of The City Of New York, Queens County

Licitra, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 29, 2024
Criminal Court of the City of New York, Queens County

The People of the State of New York

against
Henry, Defendant.

Docket No. CR-004696-23QN

For the People: Melinda Katz, District Attorney (by Carlos Valencia & Mary Michalos)
For Mr. Henry: The Legal Aid Society (by Sarah Wohlsdorf)

Wanda L. Licitra, J.

This case illustrates a simple rule: a prosecutor cannot certify that she "has disclosed . . . all known material" when she knows that she has not yet disclosed all known material.
Here, the prosecutor knew that she had not yet disclosed the memo books of three police officers involved in this case. There is no dispute that these memo books were discoverable material. In response to the prosecutor's repeated inquiries about the missing memo books, the arresting officer had told her, "I am waiting for my agency to provide them." Less than a week later, knowing that these memo books were still outstanding, the prosecutor nonetheless filed a certificate of compliance. There, she claimed that "I have disclosed and made available all existing known material and information subject to discovery, except for any items or information that are the subject of a protective order."
A proper, good-faith certificate of compliance is a statutory prerequisite of the People's readiness. Because the People's certificate of compliance here was not proper or filed in good faith, the statements of readiness based upon it were illusory. The defense has now filed a C.P.L. § 30.30 motion alleging that the People failed to properly state ready for trial within the required timeframe. The court agrees. The motion is granted, the case is dismissed.
 LEGAL ANALYSIS
I. Legal Standard
Absent an individualized finding of special circumstances, a proper, good-faith certificate of automatic discovery compliance is a prerequisite to the People being ready for trial. (See generally C.P.L. §§ 30.30[5], 245.20[1], 245.50[3], 245.50[1]). Consequently, where no special circumstances exist, a statement of readiness is invalid if it is accompanied or preceded only by an improper certificate of compliance.
Criminal Procedure Law § 245.50[1] defines a proper, good-faith certificate of compliance, and it requires the People to certify two assertions. First, that the prosecutor has exercised "due diligence" and made "reasonable inquiries" to "ascertain the existence" of discoverable material. (C.P.L. § 245.50[1]). And second, that "after" doing so, the prosecutor has [*2]"made available all known material and information subject to discovery." (Id.).
"These are two separate statements that the People must certify, in good faith, to each be true." (People v. Rafoel, 77 Misc 3d 1231[A], at *2 [Crim. Ct., Queens County 2023]; see also People v. Ballard, 2023 NY Slip Op. 23392, at *9 [Crim. Ct., Queens County Dec. 14, 2023] [Gershuny, J.] [also separating out the statutory elements of a proper certificate]). "A certificate of compliance is not simply a certificate of 'reasonable and diligent efforts'" to ascertain the existence of discovery. (People v. Luke, 80 Misc 3d 1228[A], at *3 [Crim. Ct., Queens County 2023]). Only the "first component" of the certificate deals with diligently and reasonably "ascertain[ing] the existence" of discoverable material. (People v. Williams, 73 Misc 3d 1209[A], at *1 [Crim. Ct., NY County 2021]). After the People diligently and reasonably ascertain the existence of discovery, they must also properly certify "the second part"—disclosing it. (See id.).
As a result, "case law breaks into two different camps with respect to evaluating a prosecutor's COC." (People v. Solomonidis, 81 Misc 3d 1223[A], at *6 [County Ct., Genesee County 2023]). "[T]he first group of cases analyze the first statement of compliance — those certifying the efforts to 'ascertain the existence of discovery.'" (Id.). These are situations in which a prosecutor certifies compliance without knowing whether other discoverable material exists. "[T]he second group of cases deal with the second statement of the COC — those certifying that the [p]rosecutor has 'disclosed and made available all known discoverable materials.'" (Id.). In these situations, the People knew material existed, but certified they "disclosed . . . all known material" without disclosing it.
In both situations, our department's appellate courts hold that the People's certificate is not proper where their certified statement is not, in fact, true.
In the first group of cases, our department holds that where the People do not, in fact, exercise due diligence or make reasonable inquiries to ascertain the existence of discoverable material, their certificate claiming otherwise is not made in "good faith." (People v. Hamizane, 80 Misc 3d 7, 11 [App. Term, 2d Dep't 2023] [certificate not in "good faith" because "none of the People's submissions . . . showed that the People had attempted to obtain any police disciplinary records, or attempted to find out whether any such records existed"]; People v. Rahman, 79 Misc 3d 129[A], at *2 [App. Term, 2d Dep't 2023] [certificate "not filed in good faith" because the People, in fact, "failed to exercise due diligence and make reasonable inquiries to ascertain the existence of FDNY/EMS records"]; People v. LaClair, 79 Misc 3d 8, 11 [App. Term, 2d Dep't 2023] [certificate "not filed in good faith" because the People, in fact, "failed to exercise due diligence and did not make reasonable inquiries to ascertain the identities of all law enforcement witnesses related to the case"]; People v. Guzman, 75 Misc 3d 132[A], at *3 [App. Term, 2d Dep't 2022] [certificate "not filed in good faith" because the People, in fact, "failed to exercise due diligence and did not make reasonable inquiries to obtain [a dashcam] video"]). The Court of Appeals' decision in People v. Bay is an example of this first group of cases. (See People v. Bay, 2023 NY Slip Op. 06407 [2023]; see also People v. Marte, 2023 NY Slip Op. 23404, at *1-*5 [Crim. Ct., Queens County 2023] [explaining so in depth]).
In the second group of cases, our department holds that a certificate cannot "be deemed complete" until all known discovery material is "actually produced" to the defense. (People ex rel. Ferro v. Brann, 197 AD3d 787, 788 [2d Dep't 2021]; People v. Carter, 80 Misc 3d 127[A], at *2-*3 [App. Term, 2d Dep't 2023]). That makes sense. The People cannot certify they have "disclosed . . .all known material" when they know they have not. As other courts have put it, the [*3]People cannot certify they "turned over 'all known material and information,' while at the same time not actually turning over all known material and information." (People v. Ashraf, 80 Misc 3d 1223[A], at *3 [Crim. Ct., Richmond County 2023] [internal citations omitted]; People v. Pennant, 73 Misc 3d 753, 767 [Dist. Ct., Nassau County 2021] [same]; People v. Quinlan, 71 Misc 3d 266, 271 [Crim. Ct., Bronx County 2021] [same]; People v. Adrovic, 69 Misc 3d 563, 574 [Crim. Ct., Kings County 2020 [same]).
This court has analyzed such situations before. (See also Luke, 80 Misc 3d 1228[A], at *2-*3 [prosecutor certified they disclosed all known discovery despite knowing that body-worn camera footage existed but had not yet been disclosed]; People v. Luna, 80 Misc 3d 1217[A], at *3 [Crim. Ct., Queens County 2023] [prosecutor certified they disclosed all known discovery despite knowing that police photos existed but had not yet been disclosed]; Rafoel, 77 Misc 3d 1231[A], at *3 [prosecutor certified they disclosed all known discovery despite knowing that "some" police items existed had not yet been disclosed]; People v. Toussaint, 78 Misc 3d 504, 508 [Crim. Ct., Queens County 2023] [prosecutor certified they disclosed all known discovery despite knowing that police memo books existed but had not yet been disclosed]).
Contrary to some previous authority, the Court of Appeals recently noted that the "adverse-consequence clause" does not apply to a C.P.L. § 30.30 analysis. (See Bay, 2023 NY Slip Op. 06407, at *7 n.3; see also Marte, 2023 NY Slip Op. 23404, at *4). That clause reads that "[n]o adverse consequence to the prosecution or the prosecutor shall result from the filing of a certificate in good faith and reasonable under the circumstances." (C.P.L. § 245.50[1]). "The reference to 'adverse consequence' does not alter the statutory standard for a proper COC." (Bay, 2023 NY Slip Op. 06407, at *7 n.3). Because the "adverse-consequence clause" is irrelevant when analyzing the first statement in a certificate of compliance, so too is it irrelevant when analyzing the second. As a result, when analyzing whether the People properly certified that "the prosecutor has disclosed ... all known material," the question is not whether the failure to disclose was "reasonable under the circumstances." "Reasonableness," when dealing with known discovery that the People did not disclose, is irrelevant. Instead, the question is whether that known discovery was in fact "actually produced" to the defense—as the certificate claims—absent special circumstances. (Ferro, 197 AD3d at 788; Carter, 80 Misc 3d 127[A], at *2-*3).
II. Application
Applying these standards, the People's certificate of compliance was not proper or filed in good faith. At the time she filed the certificate, the prosecutor was aware that discoverable material was outstanding. Specifically, she knew that she had not yet disclosed the memo books of three police officers involved in this case. There is no dispute that these memo books were discoverable material. In response to the prosecutor's repeated inquiries about the missing memo books, the arresting officer had told her, "I am waiting for my agency to provide them." Less than a week later, knowing that these memo books were still outstanding, the prosecutor nonetheless filed a certificate of compliance. There, she claimed that "I have disclosed and made available all existing known material and information subject to discovery, except for any items or information that are the subject of a protective order."
Thus, even though the prosecutor knew that she had not disclosed all known discovery, she certified that she had disclosed all known discovery. "Obviously, this is not how certificates are supposed to work." (Rafoel, 77 Misc 3d 1231[A], at *2). A certificate "must in good faith [*4]attest that [its] statements are actually true." (People v. Vargas, 76 Misc 3d 646, 649 n.2 [Crim. Ct., Bronx County 2022] [citing Certificate, Merriam-Webster Dictionary [2022] [defining a "certificate" as a "document containing a certified statement especially as to the truth of something"]]). The People cannot in good faith certify a statement that they know is false.
In their response, the People seem to misunderstand certificates of compliance. A certificate of compliance must contain a certification that the prosecutor "has disclosed . . . all known material." (C.P.L. § 245.50[1]). As a result, it is not a "'placeholder that the People file while the continue to disclose discovery files piecemeal, far beyond the speedy-trial deadline.'" (Ballard, 2023 NY Slip Op. 23392, at *10 [quoting People v. Vargas, 76 Misc 3d 646 [Crim. Ct., Bronx County 2022]]; see also People v. Pennant, 73 Misc 3d 753, 766, 156 N.Y.S.3d 690 [Dist. Ct., Nassau County 2021] [noting the discovery statute "cannot be read to mean that the People may mete out discovery in a piecemeal fashion and file repetitive" certificates]). Supplemental certificates of compliance are for discovery that the prosecution "subsequently learns of," not for discovery that was already known. (See C.P.L. § 245.60). If the People know that discovery is outstanding, they cannot prematurely file a certificate claiming that they have turned over all known discovery.
The court reminds the People that a certificate of compliance is not simply a certificate of "due diligence." To the contrary, a proper certificate claims compliance of both: (1) due diligence and reasonable inquiries to ascertain the existence of discovery; and (2) disclosure of all known discoverable material. (C.P.L. § 245.50[1]). Only the "first component" of the certificate deals with diligently and reasonably "ascertain[ing] the existence of discoverable material and information." (Williams, 73 Misc 3d 1209[A], at *1). After diligently and reasonably determining that material exists, the People cannot then "fail[] to satisfy the second part," disclosing it. (Id.).[FN1]

That the People also submitted a "notice of non-disclosure" alongside their certificate does not change this analysis. This document acknowledged that the People had not disclosed the memo books but stated that "[t]he People nevertheless wish to proceed to trial without [the missing memo books] and will accept any sanction for non-disclosure that the court rules is warranted under CPL § 245.80."
The discovery statute in no way contemplates this kind of notice, which is essentially the opposite of a certificate of compliance. As an initial matter, the People cannot selectively jettison part of their automatic discovery obligations simply because they "wish to proceed to trial" without first obtaining some material. To the contrary, C.P.L. § 245.50[3] mandates that, "absent an individualized finding of special circumstances . . . , the prosecution shall not be deemed [*5]ready for trial . . . until it has filed a proper certificate pursuant to subdivision one of this section." And "subdivision one" requires that such a proper certificate state that "the prosecutor has disclosed and made available all known material and information subject to discovery," except for discovery lost, destroyed, or under a protective order. (C.P.L. § 245.50[1] [emphasis added]). It is only "[w]hen the prosecution has provided the discovery required by [C.P.L. § 245.20[1]]" that "it shall serve . . . a certificate of compliance." (Id.).
Indeed, the statute only authorizes notices of non-disclosure in limited circumstances. (See C.P.L. § 245.10[1][a] [requiring a notice when information has not been disclosed "pending" a protective order]; C.P.L. § 245.20[1][c] [requiring a notice where information relating to 911 callers, confidential informants, or other special witnesses has not been disclosed]; C.P.L. § 245.20[1][d] [requiring a notice where information relating to an undercover officer has not been disclosed]; C.P.L. § 245.20[1][f] [requiring a notice where some information relating to expert witnesses has not been disclosed]). No such circumstance exists here.
But the statute does not allow the People to generally file a "notice of non-disclosure" whenever there are any discoverable materials that they have not yet disclosed. Such a notice is the opposite of a certificate of compliance. That the prosecutor has not disclosed discoverable material contradicts the statutorily required certification that "the prosecutor has disclosed ... all known material." (C.P.L. § 245.50[1]). Thus, such a notice is simply an admission that the accompanying "certificate" of compliance—again, something that the statute mandates—is false.
Additionally, the court rejects the People's eleventh-hour request to retroactively treat their "notice of non-disclosure" as a motion to extend the discovery period. The notice was "not accompanied by any notice of motion, did not contain any return date, and the court did not set a motion schedule." (People v. Thomas, 59 Misc 3d 64, 66 [App. Term, 1st Dep't 2018]). Therefore, "no motion was actually made." (Id.). The People may not rely on a hypothetical motion that they could have filed, but did not, and that no court in fact granted.
In sum, the People's certification that they had turned over all known discoverable material was not made in good faith. The People cannot "file a certificate in which they certify they have 'turned over 'all known material and information,' while at the same time not actually turning over all known material and information." (Toussaint, 78 Misc 3d at 508 [quoting Quinlan, 71 Misc 3d at 271]; see also People v. Hughes, 79 Misc 3d 1235[A], at *2 [Crim. Ct., Richmond County 2023] [same]; Rafoel, 77 Misc 3d 1231[A], at *1-*3 [same]; People v. Haymon, 71 Misc 3d 1203[A], at *2 [County Ct., Albany County 2021] [same]; Pennant, 73 Misc 3d at 767 [same]; Adrovic, 69 Misc 3d at 574 [same]; People v. Aguayza, 77 Misc 3d 482, 489 [Sup. Ct., Queens County 2022] ["[T]he People can't file a Certificate of Compliance claiming they have disclosed all known discovery if they have not actually done so."]).
The People commenced this case on February 27, 2023, and they had 90 days to validly state ready for trial. (See C.P.L. § 30.30[1][b]). The People fail to establish that their certificate of compliance was proper. Therefore, their statement of readiness was illusory. The People must now prove that any of the time between February 27, 2023, and ninety days thereafter "should be excluded" and provide the necessary evidence to substantiate their claims. (E.g., People v. Wearen, 98 AD3d 535, 537 [2d Dep't 2012]; People v. Reinhardt, 193 AD2d 1122, 1122 [4th Dep't 1993]). Other than insisting on their readiness, the People make no such arguments. Therefore, the People have exhausted their readiness time and the case must be dismissed. (See C.P.L. § 30.30[1][b]).
Any remaining issues are moot.
The foregoing constitutes the order and decision of the court.
Dated: January 29, 2024
Queens, NY
Wanda L. Licitra, J.C.C. 

Footnotes

Footnote 1:Even if one applied some free-floating "reasonableness" analysis here, the People would fail to meet it. The People repeatedly emailed the arresting officer who repeatedly failed to produce the missing memo books. Before filing their certificate, the People never contacted anyone else at the agency until three months later. Only then, the People finally spoke to a supervisor, who produced two of the three memo books in a day. It is not reasonable for the People to wait three months to follow up with a supervisor at the agency when an arresting officer fails to produce discovery. Nor did the People ever avail themselves of the "numerous opportunities" the discovery statute provides them "to petition a court for relief." (People v. Vargas, 76 Misc 3d 646, 648 [Crim. Ct., Bronx County 2022] [noting that the discovery statute allows the People to ask a court to modify discovery periods for "good cause" or state ready without a proper certificate because of "special circumstances"]).