People v Toro (2025 NY Slip Op 50731(U))

[*1]

People v Toro

2025 NY Slip Op 50731(U)

Decided on May 1, 2025

Criminal Court Of The City Of New York, Bronx County

Gonzalez-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 1, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Angel Toro, Defendant.

Docket No. CR-014396-24BX

For the Defendant
The Bronx Defenders
(by: Molly Harwood, Esq.)
For the People
Darcel D. Clark, District Attorney, Bronx County
(by: ADA Sean Truehart)

Yadhira González-Taylor, J.

By omnibus motion dated, February 5, 2025, defendant, Angel Toro, moves for an order, inter alia, dismissing the accusatory instrument pursuant to CPL § 170.30 (1) (e) or, in the alternative, pursuant to CPL § 245.80. Defendant further seeks an order: suppressing statement evidence pursuant to CPL § 710.30 or, alternatively granting a Huntley/Dunaway hearing; suppressing all physical evidence or, in the alternative granting a Hinshaw/Rossi/Mapp/Dunaway hearing; and granting a Sandoval and a Molineux/Ventimiglia hearing.
Upon review and consideration of the submissions, court file and relevant legal authority, the Court finds that the People's CoC dated, September 4, 2024, and their SCoC, dated January 22, 2025, were VALID; and:
The prosecution pursuant to CPL § 170.30 (1) (e) was TIMELY; and
Defendant's motion to dismiss the accusatory instrument pursuant to CPL § 170.30 (1) (e) or, in the alternative, pursuant to CPL § 245.80 is DENIED; and
Defendant's motion for a pre-trial hearing pursuant to Huntley/Dunaway and Hinshaw/Rossi/Mapp/Dunaway is GRANTED; and defendant's request for a hearing pursuant to Sandoval and Molineux/Ventimiglia is REFERRED to the trial court; and
The People are DIRECTED to comply with their continuing discovery obligations pursuant to CPL §§ 200.95 and 245, including Brady/Vilardi disclosures, and to ascertain whether updated Giglio materials exist for Officer Pllaha, and to serve said disclosures, if they exist, within ten (10) days of this Decision and Order, accompanied by a supplemental CoC; and
The People are DIRECTED to ascertain whether photographs of defendant and a Medical Treatment form exist, and to serve said disclosures, if they exist, within ten (10) days of this Decision and Order, accompanied by a supplemental CoC; and
Defendant's application seeking the right to make further motions to the extent provided
by CPL § 255.20 (3) is GRANTED.
RELEVANT PROCEDURAL BACKGROUND
On June 9, 2024, defendant, Angel Toro was arrested and charged with violating Vehicle and Traffic Law §§ 1192 (3) (driving while intoxicated [common law]), 1192 (2) (driving while intoxicated, per se), 1192 (2-a) (a) (aggravated driving while intoxicated, per se), all misdemeanors, and 1192 (1) (driving while impaired) and 509 (1) (driving without a license), both violations. On June 10, 2025, defendant was arraigned and released on his own recognizance.
The People filed their initial CoC and Statement of Readiness on September 4, 2024. At a compliance conference held on September 30, 2024, after the People answered "not ready," defendant requested and was granted a motion schedule to challenge the timeliness of the prosecution. On January 6, 2025, Hon. Matthew Bondy rendered a decision denying defendant's motion based upon what the prosecution credibly characterized as an inadvertent mistake given the fact that the People's CoC was filed months prior to defendant's motion. On January 22, 2025, the People filed their SCoC and at a compliance conference held the same day, defense counsel requested the instant motion which the People opposed on February 27, 2025, and defendant replied to on March 5, 2025.
DISCUSSION
I. Applicable Standard for CoC Challenge
In People v Bay, the Court of Appeals found that, in evaluating prosecutorial due diligence, the "key question in determining if a proper certificate of compliance has been filed is whether the prosecution has exercised due diligence and made reasonable inquiries to determine the existence of material and information subject to discovery," a case-specific inquiry of the record at bar (see Bay, 41 NY3d 200, 211-213 [emphasis added]; CPL §§ 245.20 [1], 245.50 [1]). Lastly, the Bay Court makes clear that to oppose a motion to dismiss which claims that the prosecution's CoC is illusory, the People "bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure" (see Bay at 213 [emphasis added]).
II. The Parties' Arguments
Defendant avers that the prosecution's CoC and SCoC filings should be deemed invalid, and the prosecution dismissed as untimely, because the People failed to disclose prior to their CoC filing: activity logs for three officers, Giglio materials for two officers, the Medical Treatment of Prisoner form, surveillance video, updated Giglio materials for Police Officer ("Officer") Johan Pllaha, FDNY witness information, defendant's arrest photograph, and a finalized and complete [*2]version of the NYPD motor vehicle collision report (affirmation of defendant's counsel at 5-6). Next, defendant posits that the belated or missing discovery constituted routinely disclosed information and, thus, the People's explanation that certain items were "unavailable" betrays a lack of due diligence and good faith (affirmation of defendant's counsel at 11-12). Defense counsel further contends that the People's SCoC is devoid of any information concerning what efforts the prosecution made to discharge their discovery duties (affirmation of defendant's counsel at 13-14). Additionally, defendant seeks an order suppressing evidence or, alternatively, granting hearings to determine the admissibility of said evidence pursuant to Huntley/Dunaway, Hinshaw/Rossi/Mapp/Dunaway, Sandoval and Molineux/Ventimiglia (affirmation of defendant's counsel at 23-26). In his reply brief, defendant maintains that a CoC that identifies missing discovery is facially invalid, and the People's argument that the Prisoner Movement Slip is duplicative of arrest photographs taken of defendant is meritless (reply affirmation of defendant's counsel at 2-4).
Initially, the assigned ADA asserts that efforts to procure and disclose responsive documents began on June 10, 2024, at defendant's arraignment, and continued June 13, 2024, June 24, 2024, and September 4, 2024 (People's affirmation at 12). Further, the People argue that additional disclosures were made and served with an SCoC on January 22, 2025 (People's affirmation at 12). The prosecution also avers that their disclosure exceeds 88 items, including Giglio materials with numerous logs and reports, IDTU videos, calibration reports, body-worn camera ("BWC") video, activity logs, 911 recordings and related documents (People's affirmation at 13). Moreover, the People contend that the arresting officer advised them that no information was obtained from FDNY personnel concerning the incident and that defendant's Prisoner Movement Slip should suffice for arrest photographs; they also annex what appears to be a complete NYPD Motor Vehicle Collision Report and a series of emails from the District Attorney to their NYPD discovery liaison from June and September, 2024, and January 2025, detailing their efforts to locate responsive discovery (People's affirmation, Exhibits F, G and H). Lastly, the prosecution opposes defendant's motion for orders pursuant to Huntley/Dunaway, Hinshaw/Rossi/Mapp/Dunaway, Sandoval and Molineux/Ventimiglia (People's affirmation at 15-18).
III. The Court's Analysis
This Court respectfully disagrees with the proposition that "(r)easonableness, when dealing with known discovery that the People did not disclose, is irrelevant" because this analysis contravenes the Bay Court's admonition that "belated disclosure will not necessarily establish a lack of due diligence or render an initial COC improper" (compare Bay at 212, with People v Henry, 82 Misc 3d 828, 832, 2024 NY Slip Op 24025 [Crim Ct, Queens County 2024] [internal quotation marks omitted]). The reasonableness of the People's efforts to comply with their discovery obligations prior to their CoC filing- despite belated or missing disclosures- must be examined whether the belated/missing discovery is known or unknown to the People, and this Court submits that to do otherwise is tantamount to invoking a strict liability standard which the Legislature did not create (see Bay at 212-213).
The People claim to have disclosed items on June 10, 2024, June 13, 2024, June 24, 2024, and September 4, 2024. Their Exhibit H, a series of emails annexed to their opposition, confirm that [*3]the District Attorney's Office was in continued contact not only with the 40th Precinct discovery liaison but also the individual officers to obtain responsive materials, including surveillance video, activity logs, BWC footage, and NYPD Accident Report in June and September 2024. The prosecution's September 4, 2024 CoC filing identifies seven items which were unavailable (activity logs for Officers Lovera, Tejada and Williams, defendant's ID, updated Giglio materials for Officers Lyubchenko and Williams, and a Medical Treatment of Prisoner form) despite multiple entreaties by the People. Of the items enumerated in defendant's motion, the outstanding activity logs and updated Giglio materials were disclosed with the People's SCoC, which indicated that the basis for the supplemental filing was that they were disclosing the heretofore unavailable items. This Court credits the assigned ADA's representation and emails as demonstrative of their due diligence concerning Giglio documents and activity logs. Further, we credit the prosecution's clarification that no surveillance footage exists and that the police obtained no information from the FDNY, whose personnel are not within the People's control. The People's disclosures also indicate that, in response to defense counsel's identification of discovery deficiencies, the assigned ADA resorted to following up with Officers Lovera, Lyubchenko, Tejada, Williams and Pllaha on January 22, 2025, for the Medical Treatment of Prisoner form, defendant's ID and a better copy of the NYPD Collision Report, the last of which was disclosed on a date that could not be determined by the Court. 
Concerning the two items which the People acknowledge are missing, their reasoning that defendant's request for photographs is duplicative because his image also appears on the Prisoner Movement Slip strains credulity where "[i]t has long been recognized that the best judge of the value of evidence to a defendant's case is the single-minded devotion of counsel for the accused," the prosecution cannot declare itself the discovery gatekeeper" (see People v Minnock, 84 Misc 3d 1265[A], 2025 NY Slip Op 50040[U], *3 [Crim Ct, Bronx County 2025] citing People v Vargas, 78 Misc 3d 1235[A], 2023 NY Slip Op 50425[U],*8 [Crim Ct, Bronx County 2023]). Additionally, there is nothing in the record to determine whether the prosecution disclosed a Medical Treatment form.
Notwithstanding the People's failures to disclose photographs and a Medical Treatment form, given the standard enunciated by the Bay Court, the volume of discovery provided by the People, the response of the assigned prosecutor when apprised of discovery deficiencies, and the continual efforts to confirm the existence of discoverable material, the record establishes that the People's efforts were reasonable and demonstrative of their due diligence and, we find no basis to invalidate their CoCs. However, the People are directed to further their investigation to determine whether these items do exist and to disclose them with a supplemental CoC.
Accordingly, the People's CoC and SCoC filings on September 4, 2024, and January 22, 2025, respectively, were valid.
IV. The CPL § 30.30 Calculation
In a motion to dismiss misdemeanor charges pursuant to CPL § 30.30 (1), the defendant has the initial burden to demonstrate that the prosecution failed to declare trial readiness within the statutorily prescribed time, 90 days (see CPL § 30.30 [1] [b]); People v Luperon, 85 NY2d 71, 77-78 [*4][1995]). The burden then shifts to the People to identify excludable delays (see Luperon, 85 NY2d at 78).
In the case at bar, the prosecution's 30.30 calculation commenced on June 11, 2024, the day after defendant's arraignment. When the People filed a valid CoC on September 4, 2024, they declared their readiness for trial and stopped their speedy-trial clock. Hence, the People were ready for trial 85 days after arraignment, within their statutorily allotted time (see CPL § 30.30 [1] [b]). Defendant's motion to dismiss the accusatory instrument is denied.
CONCLUSION
Based upon the foregoing, the People's CoC and SCoC filings on September 4, 2024, and January 22, 2025, respectively, were VALID, do not support a finding that their CoCs should be invalidated; and further:
The prosecution pursuant to CPL § 170.30 (1) (e) was TIMELY; and
Defendant's motion to dismiss the accusatory instrument pursuant to CPL § 170.30 (1) (e) or, in the alternative, pursuant to CPL § 245.80 is DENIED; and
Defendant's motion for a pre-trial hearing pursuant to Huntley/Dunaway and Hinshaw/Rossi/Mapp/Dunaway is GRANTED; and defendant's request for a hearing pursuant to Sandoval and Molineux/Ventimiglia is REFERRED to the trial court; and
The People are DIRECTED to comply with their continuing discovery obligations pursuant to CPL §§ 200.95 and 245, including Brady/Vilardi disclosures; and
The People are DIRECTED to ascertain whether updated Giglio materials exist for Officer Pllaha, and to serve said disclosures, if they exist, within ten (10) days of this Decision and Order, accompanied by a supplemental CoC; and
The People are DIRECTED to ascertain whether photographs of defendant and a Medical Treatment form exist, and to serve said disclosures, if they exist, within ten (10) days of this Decision and Order, accompanied by a supplemental CoC; and
Defendant's application seeking the right to make further motions to the extent provided by CPL § 255.20 (3) is GRANTED.
This constitutes the opinion, decision, and order of the Court.
Dated: May 1, 2025
Bronx, New York
Hon. Yadhira González-Taylor, A.J.S.C.