People v Talavera (2026 NY Slip Op 50360(U))

[*1]

People v Talavera

2026 NY Slip Op 50360(U) [88 Misc 3d 1237(A)]

Decided on March 12, 2026

Criminal Court Of The City Of New York, Bronx County

González-Taylor, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 12, 2026
Criminal Court of the City of New York, Bronx County

The People of the
State of New York,

againstAngel Talavera, Defendant.

Docket No. CR-017272-25BX

For the Defendant: The Legal Aid Society (by: Dominique Perez, law graduate under
the supervision of Caroline McGrath, Esq.)For the People: Darcel D. Clark, District
Attorney, Bronx County (by: Nina M. Rice, Assistant District Attorney)

Yadhira González-Taylor, J.

By motion dated, October 28, 2025, defendant, Angel Talavera, moves for an order deeming
the People's Certificate of Compliance ("CoC") invalid due to the prosecution's failure to disclose
discoverable materials pursuant to CPL §§ 245.20 (1) and 245.50 (1) and for an order
dismissing the accusatory instrument pursuant to CPL §§ 170.30 (1) (e) and 30.30. If
his motion is not granted, defendant requests a hearing pursuant to People v Allard to
resolve any disputed issues of material fact. Lastly, defendant seeks to reserve his right to file
additional motions as necessary. The prosecution opposes the motion in its entirety.
Upon review and consideration of the submissions, court file and relevant legal authority, the
Court finds that the People's CoC dated, filed September 23, 2025, was VALID; and
further;
The prosecution pursuant to CPL §§ 170.30 (1) (e) and 30.30 was
TIMELY; andDefendant's motion to dismiss the accusatory
instrument is DENIED; andDefendant's application seeking
the right to make further motions is GRANTED to the extent provided by CPL §
255.20 (3); andThe People are DIRECTED to disclose any
records concerning unsubstantiated allegations which relate to the subject matter of this case
within 30 days of this Decision and Order or, in the alternative, move for a protective order
pursuant to CPL § 245.70. If there are no unsubstantiated Giglio disclosures
concerning PO Delohery, the People are to notify defense counsel in writing within 30 days of
this Decision and Order.
RELEVANT PROCEDURAL BACKGROUNDOn June 23, 2025, defendant Angel Rivera was
arrested and charged with violating Penal Law §§ 130.52 (1) (forcible touching),
130.20 (1) (sexual misconduct), 130.55 (sexual abuse in the third degree), all misdemeanors, and
240.26 (harassment in the second degree), a violation. Defendant was arraigned on June 25,
2025, and released on his own recognizance. At the court appearance held on March 13, 2025,
the Court was advised that the People had filed and served [*2]their superseding information, upon which defendant was arraigned,
and the criminal complaint was deemed converted.At the appearance dated July 2, 2025,
the People filed and served their supporting deposition. On October 1, 2025, the court was
advised that the People had filed their automatic disclosures, CoC, Statement of Readiness
("SoR") on September 23, 2025, and the People's motion to consolidate this case with defendant's
companion docket, CR-032082-24BX, was granted. At the appearance held October 31, 2025,
the court noted that defense counsel had filed a motion to invalidate the People's CoC which was
pending as of the date of this Decision and Order.

DISCUSSION
I. Legal ArgumentsDefendantDefense counsel identifies several items which were belatedly disclosed
or remain outstanding, to wit: an activity log for Police Officer ("PO") Vincent Figueroa
[FN1]; medical records for
the complainant [FN2];
defendant's arraignment and pedigree cards; a command log; a pre-arraignment notification
report; defendant's I-card; the prisoner holding pen roster; and Giglio disclosures
pertaining to IAB attachment to log #22-3939, including all documents concerning a referral to
the CCRB (affirmation of defendant's counsel at ¶¶ 11-15). Regarding the
complainant's medical records, defendant avers that the assigned ADA initially subpoenaed the
wrong provider and, thereafter, submitted records to the DVM part on May 15, 2025, but was
unaware that the records were never received as of the date of their CoC filing months later
(affirmation of defendant's counsel at ¶ 14). Defense counsel maintains that despite good
faith attempts to confer with the People concerning these nondisclosed materials, the prosecution
has failed to demonstrate due diligence to make reasonable inquiries to confirm the existence of
and provide discovery as required by CPL §§ 245.20 and 245.50 (affirmation of
defendant's counsel at ¶¶ 28-35)
Defendant's reply disputes the People's contention that they were deprived of an opportunity
to confer regarding disputed items (defendant's reply affirmation at 4). Counsel further contends
that the defense was prejudiced by the belated disclosure of the complainant's medical records
because where the complainant did not test positively for an STI, defendant, who is charged with
sexual assault, was denied an opportunity to be tested himself which could have provided a
potential defense had he tested positively (defendant's reply affirmation at 5-6).
The PeopleThe People maintain that the August 2025 amendments, which
apply to all criminal cases pending as of August 7, 2025, require consideration of prejudice to the
defense before their CoC can be invalidated (People's affirmation at 7-8). The People also assert
that they acted diligently under the totality of circumstances standard articulated in CPL §
245.50 (5) and they argue that defendant did not provide notice of his discovery objections until
the 34th day after their CoC filing (People's affirmation at 12-13). The assigned ADA asserts that
within two days of [*3]receiving defense counsel's notice
concerning disputed items, she responded at length to explain that the pedigree card, command
log, and Officer Figueroa's activity log did not exist; the arraignment card, the I-card, and
prisoner holding pen roster had already been disclosed; the complainant's medical records were
still outstanding; she was unfamiliar with a "pre-arraignment notification report" (People's
affirmation at 13-16).
Concerning Giglio materials, the People aver that the only substantiated claim for PO
Delohery does not involve any allegation concerning credibility and, thus, is not discoverable,
and, further, the assigned ADA recounts her efforts to confirm that although there was a referral
to CCRB, there is no CCRB investigation in the officer's disciplinary history (People's
affirmation at 16). Additionally, while the People acknowledge a lapse from May 14 to October
1, 2025, regarding following up for the complainant's medical records, the assigned ADA asserts
that once aware that the records were still outstanding, she remedied the omission by having the
complainant execute another HIPAA which was sent with a new subpoena for medical records
on October 20, which records were disclosed on November 6, 2025 (People's affirmation at
19-20). Lastly, the prosecution contends that defendant has failed to establish that his defense has
been prejudiced (People's affirmation at 21-22).
II. Applicable Legal StandardThe CoC ChallengeIn People v Bay, the Court of Appeals found that,
in evaluating prosecutorial due diligence, the "key question in determining if a proper certificate
of compliance has been filed is whether the prosecution has exercised due diligence and made
reasonable inquiries to determine the existence of material and information subject to
discovery," a case-specific inquiry of the record at bar (see Bay, 41 NY3d 200, 211-213
[2023] [emphasis added]; CPL §§ 245.20 [1], 245.50 [1]). The Bay Court
further emphasized that to oppose a motion to dismiss which claims that the prosecution's CoC is
illusory, the People "bear the burden of establishing that they did, in fact, exercise due diligence
and made reasonable inquiries prior to filing the initial COC despite a belated or missing
disclosure" (see Bay at 213 [emphasis added]).
Many of the factors set forth in the Bay decision animate the amendments to New
York's discovery law with one notable exception: the People are no longer required to provide
automatic discovery before filing their CoC if they demonstrate that they exercised due diligence
and acted in good faith to fulfill their disclosure mandate (see 245.50 [1]). Moreover, the
2025 Legislative reforms enumerate several factors a court must consider when assessing the
opposing party's due diligence, including the volume of discovery provided, whether the
prosecution's lapse was self-reported, if the omission was corrected and whether the assigned
ADA knew that missing or belatedly disclosed information existed (see CPL §
245.50 [5] [a]). However, the statute specifically provides that the court's determination shall be
based on the totality of the party's efforts to comply rather than any one factor referenced
therein (see CPL § 245.50 [5] [a], [b] [emphasis added]).
The CPL § 30.30 ChallengeIn a motion to dismiss misdemeanor charges
pursuant to CPL § 30.30 (1), the defendant has the initial burden to demonstrate that the
prosecution failed to declare trial readiness within the statutorily prescribed time, 90 days
(see CPL § 30.30 [1] [b]); People v Luperon, 85 NY2d 71, 77-78 [1995]).
The burden then shifts to the People to identify excludable delays (see Luperon, 85 NY2d
at 78).
Additionally, the prosecution must declare readiness for trial on the record (see People v
[*4]England, 84 NY2d 1, 4 [1994] ["Trial readiness in CPL
§ 30.30 means both a communication of readiness by the People on the record and an
indication of present readiness"] citing Kendzia at 337). Lastly, the People must satisfy
their statutory obligation pursuant to CPL § 245.50 (3), which provides that "the
prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until
it has filed a proper certificate pursuant to subdivision one of this section" (see Id.).
III. The Court's AnalysisBelated and
Outstanding DisclosuresEven before the latest statutory amendments, the Bay
decision advised courts that "belated disclosure will not necessarily establish a lack of due
diligence or render an initial COC improper" (compare Bay at 212, with People v Henry, 82 Misc 3d
828, 832, 2024 NY Slip Op 24025 [Crim Ct, Queens County 2024] [internal quotation
marks omitted]). The reasonableness of the People's efforts to comply with their discovery
obligations prior to their CoC filing- despite belated or missing disclosures- must be examined
whether the belated/missing discovery is known or unknown to the People, and this Court
submits that to do otherwise is tantamount to invoking a strict liability standard which the
Legislature did not create (see Bay at 212-213).
Initially, the People provided compelling evidence that defense counsel's conferral
specifically regarding discovery objections was not communicated until the 34th day following
the prosecution's CoC filing. Specifically, Exhibit A to the People's opposition includes an email
from defense counsel dated October 27, 2025, which begins with "I wanted to provide you with
the following discovery objections before filing my motion with the court." The assigned ADA
responded to the defendant's objections two days later and advised which items did not exist and
others which had already been disclosed. Notably, defense counsel's reply does not rebut the
prosecution's assertions that some disputed items did not exist and others had already been
disclosed: the pedigree card, command log, and Officer Figueroa's activity log, and the
arraignment card, the I-card, and prisoner holding pen roster, respectively; nor did counsel
elaborate regarding the pre-arraignment notification report with which the assigned ADA was
unfamiliar. This Court finds that the prosecution demonstrated due diligence after conferral and,
further, that the People had no duty to disclose evidence which was never created (see People v Polanco, 83 Misc 3d
1287 [A], 2024 NY Slip Op 51235[U], *4 [Crim Ct, Bronx County 2024]).
Further, this Court finds that the People acknowledged their lapse in procuring the
complainant's medical records, an obligation pursuant to CPL § 245.20 (2), not CPL §
245.20 (1) (j) as suggested by defense counsel, because these records were not within the
prosecution's possession, custody or control. To be sure, the 140-day delay in ascertaining that
the records had not been received by the court was not insignificant but, the record demonstrates
that the assigned ADA thereafter took prompt action to correct her omission without court
intervention, and the records have been disclosed.
Moreover, we agree with the prosecution's assessment that Giglio materials for PO
Delohery concerning the failure to complete memo book entries were not discoverable as
impeachment material because that allegation does not relate to the subject matter of the case.
Nonetheless, the Court finds that the People are still required to ascertain the existence of
unsubstantiated claims that do relate to the subject matter at bar insofar as CPL §
245.20 (1) (k) requires the disclosure of "all evidence and information," language which suggests
that the Legislature intended a broad, rather than a narrow, scope of discovery provided to
defendant under this subsection (see
People v Coley, 240 AD3d 122, 134 [2d Dept 2025]). The People are [*5]directed to disclose any records concerning unsubstantiated
allegations which relate to the subject matter of this case within 30 days or, in the alternative,
move for a protective order pursuant to CPL § 245.70. If there are no unsubstantiated
Giglio disclosures concerning PO Delohery, the People are to notify defense counsel in
writing within 30 days of this Decision and Order.
Criminal Law Procedure § 245.50 (5) provides that "(i)n assessing a party's due
diligence, the court shall look at the totality of the party's efforts to comply with the provisions of
this article, rather than assess the party's efforts item by item" (see § 245.50 [5]).
Accordingly, we decline to invalidate the prosecution's CoC based upon the belated disclosure of
medical records and the potentially outstanding Giglio records concerning
unsubstantiated claims against PO Delohery.
The CPL § 30.30 CalculationGenerally, a criminal action is commenced
by the filing of an accusatory instrument against a defendant, and it is settled law that the date on
which the action is commenced is excluded from the CPL § 30.30 computation (see
CPL § 1.20 [17]; see also People v Stiles, 70 NY2d 765, 767 [1987]). Accordingly,
the People's speedy trial time began to accrue on June 26, 2025, the day following defendant's
arraignment. The People validly declared readiness for trial by filing their CoC and SoR on
September 23, 2025 (June 26 — September 23, 2025 = 89 days), within their
statutorily allotted time (see CPL § 30.30 [1] [b]). Defendant's motion to dismiss the
accusatory instrument is denied.

CONCLUSION
Based upon the foregoing, the People's CoC dated September 23, 2025, was
VALID; and further:
The prosecution pursuant to CPL §§ 170.30 (1) (e) and 30.30 was
TIMELY; andDefendant's motion to dismiss the accusatory
instrument is DENIED; andDefendant's application seeking
the right to make further motions is GRANTED to the extent provided by CPL §
255.20 (3); andThe People are DIRECTED to disclose any
records concerning unsubstantiated allegations which relate to the subject matter of this case
within 30 days of this Decision and Order or, in the alternative, move for a protective order
pursuant to CPL § 245.70. If there are no unsubstantiated Giglio disclosures
concerning PO Delohery, the People are to notify defense counsel in writing within 30 days of
this Decision and Order.This constitutes the opinion, decision, and order of
the Court.
Dated: March 12, 2026Bronx, New YorkHON. YADHIRA
GONZÁLEZ-TAYLOR, A.J.S.C.

Footnotes

Footnote 1:Referred to as Detective
Figueroa in the People's opposition.

Footnote 2:The complaining witness's name
has been redacted for publication in accordance with section 12.4 (f) of the Privacy Guidelines
for New York Official Reports.